IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00542-REB-KLM

RICHARD PERKINS, individually, and
RICHARD MILLER, individually,

    Plaintiffs,

v.

FEDERAL FRUIT & PRODUCE COMPANY, INC., a Colorado corporation, and
MICHAEL MARTELLI, individually,

    Defendants.
_____

### ORDER GRANTING MOTION TO AMEND ANSWER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendants' Motion for Leave to Amend Answer to Amended Complaint and Jury Demand** [Docket No. 29; Filed August 2, 2011] (the "Motion").  Plaintiffs filed a Response in opposition to the Motion on August 16, 2011 [Docket No. 32], and Defendants filed a Reply on August 23, 2011 [Docket No. 33].  The Motion is fully briefed and ripe for resolution.

    IT IS HEREBY **ORDERED** that the Motion is **GRANTED** for the reasons set forth below.

    This matter pertains to Defendants' alleged discriminatory employment practices. *See Scheduling Order* [#21] at 2.  Specifically, Plaintiffs contend "that Defendants, as part of a pattern and practice of discrimination and retaliation, discriminated against Mr. Perkins because is African American, and terminated Mr. Perkins and Mr. Miller in contravention of federal and state law."  *Id.*  Plaintiffs assert seven federal and state law claims for relief

including race discrimination, retaliation, intentional interference with business opportunities, outrageous conduct, intentional infliction of emotional distress, and wrongful discharge. *Id.* at 3. By contrast, Defendants contend that "Plaintiffs' allegations concerning their employment, discipline, and terminations . . . are incongruous with the well-documented and undisputable record of these events." *Id.* Defendants also contend that Plaintiffs were terminated for legitimate, nondiscriminatory reasons. *Id.* at 3-5. Defendants assert several affirmative defenses, including that the federal claims were not properly exhausted and that Plaintiffs failed to state sufficient factual bases for their claims. *Id.* at 6-8.

Pursuant to the Motion, Defendants seek to amend their Answer to add an after-acquired evidence defense. *See Motion* [#29] at 2. Specifically, in May 2011, Defendants received information that Plaintiff Miller, whose responsibilities included driving while employed by Defendants, had his driver's license suspended for failure to pay child support. Defendants contend that if they had learned this information during Plaintiff Miller's employment they "would have immediately terminated Miller for driving without a license and for failing to advise [Defendants] that he was driving without a license." *Id.*

As a preliminary matter, the pleading amendment deadline expired on June 19, 2011. *See id.* at 13. The present Motion was filed on August 2, 2011 and, therefore, is untimely. Accordingly, Defendants must provide good cause for their failure to timely move for amendment pursuant to Fed. R. Civ. P. 16(b)(4). If good cause is shown, the Court next considers any arguments raised by the parties related to whether justice would be served by amendment. Specifically, the Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however,

when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The parties' respective arguments on the Motion are as follows.

Defendants contend that they were diligent in attempting to meet the pleading amendment deadline. *Motion* [#29] at 2, 7-8; *Reply* [#33] at 4-6. Defendants also argue that even if their conduct does not evidence diligence, the good cause standard set forth in Rule 16(b)(4) must yield to Rule 15(a)'s preference for liberally granting requests to amend. *Reply* [#33] at 2-4.

Plaintiffs counter that Defendants' conduct does not evidence the diligence necessary to satisfy the Rule 16(b)(4) good cause standard. *Response* [#32] at 5. Moreover, Plaintiffs contend that because the pleading amendment deadline has already expired, Defendants must also evidence excusable neglect for their failure to meet the deadline pursuant to Fed. R. Civ. P. 6(b)(1)(B). Plaintiffs contend that Defendants have not satisfied their burden under either rule. Plaintiffs do not explicitly raise any objection to the Motion pursuant to Rule 15(a).

Prior to addressing the key issue here, which for my purposes is whether Defendants have provided good cause for amendment, the Court briefly addresses two arguments asserted by the parties. First, to the extent that Defendants contend that Rule 15(a) somehow trumps the determination regarding whether there is good cause to extend the pleading amendment deadline, this position is rejected. It is my practice, and indeed the practice of other judges in this District, to resolve untimely motions to amend first by considering the Rule 16(b)(4) good cause standard as a threshold issue. *See, e.g.*, *Colo.*

3

*Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 688 (D. Colo. 2000) (denying an untimely motion to amend solely on the basis of a failure to establish "good cause" within the meaning of Rule 16(b)(4)); *Nicastle v. Adams County Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1465586, at *3 (D. Colo. Mar. 14, 2011), *adopted by* 2011 WL1464588 (Apr. 18, 2011) (unpublished decisions) ("Because the Court finds no good cause to amend the scheduling order, [it] will not address whether leave to amend is appropriate under Rule 15."); *see also Schneider v. City of Grand Junction, Colo.*, No. 10-cv-01719-MSK-KLM, slip op. (D. Colo. Apr. 25, 2011) [Docket No. 77], *adopted by* slip op. (July 12, 2011) [Docket No. 87] (unpublished decisions) (reviewing untimely motion to amend only as to good cause standard pursuant to Rule 16(b)(4)). Simply, if good cause is not shown, the Court is not required to consider whether Rule 15(a) excuses that failure. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) ("We hold that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.'").

Second, to the extent that Plaintiffs argue that Defendants must also demonstrate excusable neglect for their delayed request, this argument is likewise rejected. In relation to the threshold issue of timeliness, it is not the Court's practice to require any assessment of excusable neglect. Furthermore, this practice is justified by the Advisory Committee Notes to Rule 16, wherein the drafters specifically noted that it was not their intention to impose a more exacting standard than good cause when considering whether deadlines set in the Scheduling Order should be extended. This exception is carved out due to the concern that requiring more than good cause for extensions could encourage the parties to request longer deadlines at the outset of their case for "fear that extensions would not

be granted." 1983 Advisory Committee's Note to Fed. R. Civ. P. 16.

### A. Good Cause to Modify the Pleading Amendment Deadline

The facts relevant to the good cause determination are set forth in the Motion. Specifically, Defendants admit that they knew as of May 2011, which is one month prior to the expiration of the pleading amendment deadline, about the existence of information which would justify asserting an after-acquired evidence defense. *Motion* [#29] at 1. Rather than seeking leave to amend, Defendants attempted to verify the information through discovery propounded to Plaintiff Miller. *Id.* at 4. Plaintiff Miller's discovery responses were not due until June 24, 2011, which fell after the pleading amendment deadline. *Id.* Due to an agreed-upon extension for Plaintiff Miller to respond, the discovery responses were not received until July 8, 2011. *Id.* Defendants filed their Motion thereafter. At first glance, these facts would seem to preclude a finding of diligence.

However, while Defendants must "show that [they were] diligent in attempting to meet the [pleading amendment] deadline," this standard can be met by the provision of "an adequate explanation for any delay." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1205 & n.4 (10th Cir. 2006) (explaining that lateness itself does not justify denial of a motion to amend, but "undue" lateness does). The Court would be remiss not to acknowledge that Defendants took action prior to expiration of the pleading amendment deadline to obtain discovery, (as opposed to mere "information"),[1] pertaining to the defense. More

---

[1] Defendants do not explain how they initially obtained the information about Plaintiff Miller's alleged license suspension, but because it was derived before the Scheduling Conference and because it was not confirmed by Plaintiff Miller in his discovery responses, the Court assumes that the information came to Defendants through some means other than discovery or initial disclosures.

specifically, they propounded discovery requests attempting to elicit evidence from Plaintiff Miller regarding the matter. Moreover, they informed both the Court and Plaintiffs at the May 23, 2011 Scheduling Conference that they intended to amend their Answer to reflect the defense. Further, the Court appreciates Defendants' candor in their Motion, both acknowledging that, in hindsight, they should have moved for amendment in a timely fashion and that their tactical decision to delay until receipt of Plaintiff Miller's discovery responses was a mistake. Finally, while surprise to Plaintiffs and the length of the delay are not traditional considerations in determining whether a party has been diligent, here I note that Plaintiffs' receipt of notice of the defense in advance and the short delay resulting from Defendants' attempt to obtain discovery inform the Court's interpretation of Defendants' conduct and whether it evidences diligence.

While it cannot be denied that Defendants should have sought an extension of the pleading amendment deadline prior to its expiration, the Court is inclined to allow amendment of the answer here. To be clear, the Court does not condone Defendants' tactical decisions to delay amendment and ignore the Court deadline. Nevertheless, I do not view this as the type of carelessness that the good cause standard is meant to address. *See Pumpco, Inc. v. Schenker Int'l, Inc.* 204 F.R.D. 667, 668 (D. Colo. 2001). Although an exceedingly close call, I find that Defendants have provided good cause for requesting leave to amend outside the pleading amendment deadline.

### B. Rule 15(a) Requirements

Turning then to Rule 15(a) and whether justice would be served by permitting amendment, I note that Plaintiffs do not explicitly raise any argument related to the standard applicable to this issue. As noted above, in situations where the request falls

outside the pleading amendment deadline and assuming good cause is shown, leave should generally be permitted unless the moving party unduly delayed or failed to cure, the opposing party would be unduly prejudiced, or the proposed amendment would be futile. *Foman*, 371 U.S. at 182. To the extent that Plaintiffs' argument could be interpreted to suggest that Defendants unduly delayed their request, the Court notes that while Defendants' Motion came after the pleading amendment deadline expired, it nevertheless came early in the case and well before the expiration of the discovery deadline. Moreover, the amendment was not a surprise to Plaintiffs or the Court as Defendants had already expressed their intention to amend their answer. Further, during the delay, Defendants were attempting to obtain evidence related to the defense. Although Defendants delayed, and I find that they did not give appropriate deference to a Court deadline, I do not find that this history evidences an <u>undue</u> delay. Accordingly, the Motion is granted.

IT IS FURTHER **ORDERED** that the Court accepts Defendants' Answer [#29-1] for filing as of the date of this Order.

Dated:  August 29, 2011

BY THE COURT:

 s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix