**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-00542-REB-KLM

RICHARD PERKINS, individually, and
RICHARD MILLER, individually,

      Plaintiffs,

v.

FEDERAL FRUIT & PRODUCE COMPANY, INC., a Colorado corporation, and
MICHAEL MARTELLI, individually,

      Defendants.

## ORDER CONCERNING DEFENDANTS' MOTION TO STRIKE

**Blackburn, J.**

This matter is before me on the **Defendants' Motion To Strike Plaintiffs' Non-Retained Expert** [#54][1] filed December 23, 2011. The plaintiff filed a response [#58], and the plaintiff filed a reply [#69].

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

The defendants seek to exclude the opinion testimony of Linda Cote, one of the plaintiffs' expert witnesses. Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony, provides:

      A witness who is qualified as an expert by knowledge, skill,
      experience, training, or education may testify in the form of
      an opinion or otherwise if:

---

[1] "[#54]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

>   (a) the expert's scientific, technical, or other specialized
>   knowledge will help the trier of fact to understand the
>   evidence or to determine a fact in issue;
>   (b) the testimony is based on sufficient facts or data;
>   (c) the testimony is the product of reliable principles and
>   methods; and
>   (d) the expert has reliably applied the principles and methods
>   to the facts of the case.

**FED. R. EVID.** 702.  As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable, in that the witness is qualified to testify regarding the subject, and relevant, in that it will assist the trier in determining a fact in issue. ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96, 125 L.Ed.2d 469 (1993); ***Truck Insurance Exchange v. MagneTek, Inc.***, 360 F.3d 1206, 1210 (10th Cir. 2004).  The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper."  **See *Kumho Tire Company, Ltd. v. Carmichael***, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 142 L.Ed.2d 248 (1999).

When the defendants challenge the expert's qualifications to opine on a particular subject, the district court must determine that the putative expert has sufficient "knowledge, skill, experience, training, or education" to offer an opinion that will be helpful to the jury.  **See *Watson v. United States***, 485 F.3d 1100, 1106 (10th Cir. 2007).  I have discretion in determining whether a witness is so qualified.  **See *Milne v. USA Cycling Inc.***, 575 F.3d 1120, 1133 (10th Cir. 2009).

### III.  ANALYSIS

The plaintiffs were members of a union when they were employed by defendant Federal Fruit and Produce Company, Inc.  In the course of their employment, the plaintiffs filed grievances with the union.  Ultimately, some of the grievances were

withdrawn and some were the subject of a settlement agreement between plaintiff Richard Perkins and Federal Fruit. The plaintiff's proposed expert witness, Linda Cote, was general counsel for the union and participated in the grievance procedures in question. The defendants contend that the claims asserted by the plaintiffs in this case effectively were resolved when the plaintiffs settled their grievances with Federal Fruit. According to the plaintiffs, they withdrew all grievances concerning race discrimination and retaliation and, therefore, their race discrimination and retaliation claims were not resolved in the grievance process or in the settlement agreement.

In the **Plaintiffs' Initial Expert Disclosure**, attached to the defendants' motion as Exhibit A, the plaintiffs describe five topics on which Ms. Cote will testify.

> 1. Ms. Cote will specify the grievances that were withdrawn on behalf of Mr. Perkins as a result of the settlement agreement.
>
> 2. Ms. Cote "will opine as to why certain of Mr. Perkins' grievances were withdrawn and [why] other grievances were not."
>
> 3. The grievances concerning retaliation and discrimination were withdrawn in order to preserve any future civil suits Mr. Perkins may have against Federal Fruit.
>
> 4. The relevant collective bargaining agreement does not provide or contemplate a remedy for union members to obtain relief under Title VII or under 42 U.S.C. § 1981.
>
> 5. The relevant collective bargaining agreement does not provide for certain forms of relief that are available under Title VII or under 42 U.S.C. § 1981.

*Motion*, Exhibit A, p. 3. According to the defendants, these opinions are not admissible as opinion testimony under Rule 702 because the opinions concern questions of law and not questions of fact.[2]

---

[2] To some extent, this evidentiary issue is mooted by the court's recent order [#92] addressing the defendants' motion for summary judgment. However, that order did not resolve all of the potential issues related to the plaintiffs' union grievances.

It is "the court's duty to set forth the law" applicable to the facts presented at trial. ***Specht v. Jensen***, 853 F.2d 805, 808 (10th Cir. 1988) (en banc), ***cert. denied***, 109 S.Ct. 792 (1989).  The United States Court of Appeals for the Tenth Circuit has affirmed that "[t]here is a significant difference between an attorney who states his belief of what law should govern the case and any other expert witness.  While other experts may aid a jury by rendering opinions on ultimate issues, our system reserves to the trial judge the role of adjudicating the law for the benefit of the jury." ***Id.*** at 808-09.  In addition to the danger of confusion inherent in allowing such testimony about legal conclusions to be drawn from the facts, "testimony which articulates and applies the relevant law . . . circumvents the jury's decision-making function by telling it how to decide the case." ***Id.*** at 808.

For these reasons, "when the purpose of the testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed." ***Id.*** at 810.  ***See also Anderson v. Suiters***, 499 F.3d 1228, 1237 (10th Cir. 2007) ("[W]hile expert witnesses may testify as to the ultimate matter at issue . . . this refers to testimony on ultimate facts:  testimony on ultimate questions of law, i.e., legal opinions or conclusions, is not favored.").  Thus, the line between admissible and excludable testimony under ***Specht*** is this:

> an expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function.  However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.

***Id.*** at 809-10.

To the extent Ms. Cote will testify about which particular grievances were withdrawn and her motivation for withdrawing those grievances, her concerns facts, rather than expert opinions, and does not contravene the requirements of Rule 702 or *Specht*.[3]  However, to the extent Ms. Cote's proposed testimony concerns the meaning of the terms of the collective bargaining agreement or how those terms apply to the particular facts of this case, her proposed testimony interprets the rel testimony evant contract and legal standards and applies those legal standards to the facts of this case. Under the standards discussed above, such testimony is not admissible under Rule 702.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Motion To Strike Plaintiffs' Non-Retained Expert** [#54] filed December 23, 2011, is **GRANTED** in part and **DENIED** in part as follows:

   A. That the motion is granted concerning the proposed opinion testimony of Linda Cote that concerns the meaning of the terms of the collective bargaining agreement or how those terms apply to the particular facts of this case; and

   B. That the motion is denied otherwise.

Dated April 13, 2012, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[3]  I do not consider or address other possible challenges to such testimony.

5