**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge James A. Parker, sitting by designation**

Civil Case No. 11-cv-00542-REB-KLM

RICHARD PERKINS, individually, and
RICHARD MILLER, individually,

    Plaintiffs,

v.

FEDERAL FRUIT & PRODUCE COMPANY, INC.,
a Colorado corporation, and
MICHAEL MARTELLI, individually,

    Defendants.

**ORDER CONCERNING DEFENDANTS' MOTION IN LIMINE (Doc. No. 77)**

    Defendants Federal Fruit & Produce Company, Inc. (FFP) and Michael Martelli (Martelli) (together, Defendants) ask the Court to exclude evidence that Defendants contend Plaintiffs, Richard Perkins (Perkins) and Richard Miller (Miller) (together, Plaintiffs) will offer at the jury trial on this matter set to begin on May 17, 2012.  In DEFENDANTS' MOTION IN LIMINE (Doc. No. 77) (Motion), Defendants ask the Court to disallow the testimony of three of Plaintiffs' witnesses: 1) Carol Martelli, Martelli's ex-wife; 2) Michelle Martelli, Martelli's daughter; and 3) Robert Torrez (Torrez), a former employee of Defendant FFP.  In addition, Defendants ask the Court to exclude certain documentary evidence that Defendants believe Plaintiffs will proffer.

    A pre-trial conference was held on April 16, 2012 at which Plaintiffs were represented by Reid Elkus, Don Sisson, and Kristen Murphy, and Defendants were represented by Emily Keimig and Brooke Colaizzi.  At the pre-trial conference, Plaintiffs withdrew the documentary

1

evidence. Defendants ask for attorney's fees for their time spent seeking exclusion of this documentary evidence. Plaintiffs explain that the documents were inadvertently included on the exhibit list. The Court will deny Defendants' request for attorney's fees.

This ORDER CONCERNING DEFENDANTS MOTION IN LIMINE memorializes the rulings made at the April 16, 2012 pre-trial conference.[1]

I. Background

    A. Plaintiffs' Claims

In the AMENDED COMPLAINT AND JURY DEMAND (Doc. No. 7) (Amended Complaint), Perkins, who is African-American, asserts claims under 42 U.S.C. § 1981 and Title VII for racial discrimination in employment. Perkins and Miller assert claims for retaliation in response to their complaints of racial discrimination. Perkins alleges that he was terminated from his employment as a truck driver at FFP on the basis of his race. Miller alleges that he was terminated from his employment as a truck driver at FFP because he testified at an arbitration hearing concerning the treatment of employees at FFP and the use of racial epithets. The claims are asserted against FFP and Martelli, an owner of FFP who was involved in the daily operations of FFP. Angel Mondragon (Mondragon) was Perkins' and Miller's direct supervisor.

In the FIRST CLAIM FOR RELIEF, Perkins asserts a claim against FFP and Martelli for

---

[1] In ruling on the Motion, the Court has also considered: PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE (Filed March 13 2012, Doc. #77) (Doc. No. 86) (Response); and DEFENDANTS' REPLY IN SUPPORT OF MOTIONS IN LIMINE (Doc. No. 88) (Reply).

race discrimination in violation of 42 U.S.C. § 1981.[2]  In the SECOND CLAIM FOR RELIEF, Perkins asserts a claim against FFP [3] alleging disparate treatment in violation of Title VII of the Civil Rights Act of 1964.[4]  Perkins' claims for hostile work environment have been dismissed in the ORDER CONCERNING MOTION FOR SUMMARY JUDGMENT (Doc. No. 92) (Summary Judgment Order).  In the THIRD CLAIM FOR RELIEF, Perkins and Miller assert claims against FFP and Martelli for retaliation under Title VII and § 1981.

In the Summary Judgment Order, the Court dismissed the FOURTH CLAIM FOR RELIEF for intentional interference with prospective business advantage, the FIFTH CLAIM FOR RELIEF for outrageous conduct, and the SIXTH CLAIM FOR RELIEF for intentional infliction of emotional distress.  In the SEVENTH CLAIM FOR RELIEF, Perkins and Miller

---

[2] Section 1981 provides,

(a) All persons within jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, to be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. . . .

42 U.S.C. § 1981(a).

[3] The Title VII claim against Martelli was dismissed because Martelli is not considered Perkins' "employer" for purposes of Title VII.  *See* ORDER ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (Doc. No. 78).

[4] Title VII provides,

(a) Employer practices
It shall be an unlawful employment practice for an employer--

> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]

42 U.S.C. § 2000e-3(a).

assert claims against FFP and Martelli for wrongful discharge. [5]

Perkins alleges that he suffered disparate treatment while employed at FFP and Perkins and Miller allege that they were terminated from their employment on the basis of race and because of their protected activity. Plaintiffs allege that Martelli used racial epithets, especially Martelli's use of the work "nigger" when referring to Perkins. In addition, Perkins alleges that Martelli and Mondragon gave Perkins less favorable job assignments and more severe discipline than non-African-American employees of FFP. Miller alleges that FFP and Martelli retaliated against him because of Miller's testimony in a union arbitration hearing about the racial epithets used by Martelli. Seventeen days after Miller's testimony, FFP terminated Miller's employment claiming that the termination was because of an accident in the FFP parking lot involving Miller's truck.

B. Plaintiff's Proffered Testimony

Plaintiffs proffer trial testimony of Carol Martelli regarding Martelli's reputation for truthfulness and describing Martelli's comment to Carol Martelli that their daughter, Michelle, should never date a black man. Plaintiffs withdrew Michelle Martelli as a witness. Plaintiffs proffer Torrez, a former FFP employee, as a witness to testify about Martelli's and FFP's reputation for being racist, about Martelli's reputation for truthfulness, and about Martelli's use of racial epithets.

---

[5] The Court dismissed parts of the Seventh Claim for Relief including the retaliation claims because they duplicated the retaliation claims alleged in the Third Claim for Relief. The Court also dismissed Miller's constructive discharge claim for failure to exhaust administrative remedies. Thus, only the wrongful discharge portion of the Seventh Claim for Relief remains.

II. Discussion

A. Standard of review

Only intentional discrimination violates Title VII or § 1981. *Perry v. Woodward*, 199 F.3d 1126, 1134 (10th Cir. 1999) (citing *Durham v. Xerox Corp.*, 18 F.3d 836, 839 (10th Cir. 1994) and *Jackson v. City and County of Denver*, 628 F. Supp. 2d 1275, 1284 (D. Colo. 2008)). However, a plaintiff may show intentional discrimination either by direct evidence of discrimination or by indirect evidence, employing the burden shifting framework first articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). [6] While discriminatory comments, like racial epithets, constitute direct evidence of discrimination, the plaintiff "must demonstrate a nexus exists between [the] allegedly discriminatory statements and the . . . decision to terminate [him]." *Perry*, 199 F.3d at 1134 (quotation omitted). Perkins alleges that Martelli directed racial epithets at him and argues that those epithets and FFP's disparate treatment of Perkins are evidence that race was the reason that FFP terminated Perkins' employment. Plaintiff proffers the testimony of Carol Martelli, regarding their daughter and the testimony of Torrez to show that Martelli had racist attitudes in order to prove that Martelli intentionally discriminated against Perkins.

Fed. R. Evid. 404 provides,

---

[6] Under the *McDonnell Douglas* analysis, the burden of production shifts from plaintiff to defendant and back to plaintiff. The ultimate burden of proving discrimination, however, is borne by plaintiff. *Id.* Under this analysis, a plaintiff bears the initial burden of establishing a prima facie case by a preponderance of the evidence that: (1) he belongs to a protected class; (2) he was qualified for his job; (3) despite his qualifications, he was discharged; and (4) the job was not eliminated after his discharge. *Id.* If the plaintiff establishes his prima facie case, a rebuttable presumption arises that the defendant unlawfully discriminated against him. *Id.* The defendant must then articulate a legitimate, nondiscriminatory reason for the adverse employment action suffered by the plaintiff. If the defendant is able to articulate a valid reason, the plaintiff must then show that the defendant's articulated reason was pretextual. *Id.*

      (a) Character Evidence.

          (1) Prohibited Uses. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.
. . .
          (3) Exceptions for a Witness. Evidence of a witness's character may be admitted under Rules 607, 608, and 609.

      (b) Crimes, Wrongs, Or Other Acts.

          (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

          (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . . .

Fed. R. Evid. 404 (a) and (b).

      Under Fed. R. Evid. 405, character evidence may be presented:

      (a) By Reputation or Opinion. When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion. On cross- examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct.

      (b) By Specific Instances of Conduct. When a person's character or character trait is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct.

Fed. R. Evid. 405(a) and (b).

      Under Fed. R. Evid. 608(a), "The credibility of a witness may be attacked . . . by evidence in the form of opinion or reputation, but . . . the evidence may refer only to character for truthfulness or untruthfulness. . . ." Fed. R. Evid. 608(a).

      Federal Rule of Evidence 404(a) generally excludes evidence of character to prove that a person acted in accordance with that character trait.  Even if a character trait is relevant, evidence of other wrongs or acts to show that a person acted in accordance with a character trait

6

is inadmissible under Rule 404(b). However, evidence of prior bad acts is admissible to show motive, intent, knowledge, absence of mistake, or accident. *Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002). Even if evidence is offered for a proper purpose under Rule 404(b), the evidence of prior bad acts is admissible only if it is relevant under Rule 401, the probative value is not substantially outweighed by the potential for undue prejudice under Rule 403, and the jury is instructed to consider the evidence only for the purpose for which it was admitted. *Id.* "Evidence of past discriminatory behavior admitted to prove discriminatory intent in cases of race and gender discrimination is admitted for a proper purpose under Rule 404(b)." *Id.* (citing, *Spulak v. K-Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir. 1990)). However, evidence of past racial discrimination cannot be used to show that a defendant discriminated on a specific subsequent occasion. *Id.* (citing, *Heyne v. Caruse*, 69 F.3d 1475, 1480 (9th Cir. 1995)). In *Wilson*, the court disallowed evidence of a defendant's prior bad acts of sexual harassment as irrelevant because those acts occurred outside of the work environment at issue. *Id.*

The Court finds that Martelli's statements to Carol Martelli about who Michelle Martelli should not date are inadmissible because they were made outside of the workplace long before Martelli is alleged to have uttered the racial epithets about Perkins and because those statements are irrelevant and overly prejudicial. *See* Fed. R. Evid. 401, 402, and 403. Therefore, Carol Martelli will not be allowed to testify as to statements made by Martelli concerning who Michelle Martelli should not date.

As for the evidence proffered through Torrez, if his testimony involves specific instances of racial discrimination at FFP or Martelli's use of the word "nigger", this type of evidence may be admissible. In *Coletti v. Cudd Pressure Control*, 165 F.3d 767 (10th Cir. 1999), the Tenth Circuit Court of Appeals ruled,

7

> . . . in the context of employee discharge cases requiring proof of discriminatory intent[,] [t]he testimony of other employees about their treatment by the defendant employer is relevant to the issue of the employer's discriminatory intent if the testimony establishes a pattern of retaliatory behavior or tends to discredit the employer's assertion of legitimate motives.

*Id.* at 776. "In order for the court to find such character testimony relevant, however, the plaintiff must show the circumstances involving the other employees are such that their statements can logically or reasonably be tied to the decision to terminate [the plaintiff]." *Id.* at 776-777 (internal citations omitted). "Additionally, even though such testimony is relevant to show motive or intent, the trial court may still properly disallow relevant evidence it finds unduly prejudicial." *Id.* (internal citations omitted) and Fed. R. Evid. 403.

Torrez's proposed testimony that FFP and Martelli have a reputation for being racially discriminatory is not admissible because this evidence is the type of character evidence prohibited by Fed. R. Evid. 404(a)(1) that would be offered to show Martelli acted in conformity with his reputation.

Plaintiffs also propose to offer Torrez's testimony that Perkins was reprimanded for an incident in which the wrong cargo was loaded into Perkins' truck, but the employee who actually loaded the truck, a Hispanic man, was not reprimanded. Plaintiffs argue that this testimony is relevant and admissible to show that Martelli's treatment of Perkins was intentionally discriminatory. In addition, Plaintiffs offer this testimony to show that FFP and Martelli had a "pattern and practice" of racial bias and disparate treatment of African Americans on the basis of race.[7] Because the incident is relevant to show Martelli's disparate treatment of Perkins, the

---

[7] It should be noted that the Tenth Circuit Court of Appeals has ruled that evidence showing a defendant had a "pattern and practice" of racial bias or disparate treatment of protected individuals is admissible only in class actions. *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1106 (10th Cir. 2001).

Court will allow Torrez to testify about this incident. As to testimony proffered through Torrez about other events that occurred at FFP while Torrez, Perkins, and Miller were employees of FFP, the Court will rule on those issues as they arise at trial.

Because Defendant Martelli will be a witness at trial, under Rule 608(a) Carol Martelli may testify regarding Martelli's reputation for truthfulness. In addition, Carol Martelli may testify on rebuttal but only to the extent that her testimony directly impeaches Martelli's testimony. Michelle Martelli's testimony has been withdrawn. Under Rule 608(a), the Court will also allow Torrez to testify regarding Torrez's personal knowledge, if a proper foundation is presented, as to whether Defendant Martelli had a reputation for truthfulness.

IT IS ORDERED that the DEFENDANTS' MOTION IN LIMINE (Doc. No. 77) is granted in part and denied in part as provided above.

IT IS ORDERED that Defendants' request for an award of attorney's fees is denied.

Dated May 3, 2012, at Albuquerque, New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE