**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge James A. Parker, sitting by designation**

Civil Case No. 11-cv-00542-REB-KLM

RICHARD PERKINS, individually, and
RICHARD MILLER, individually,

      Plaintiffs,

v.

FEDERAL FRUIT & PRODUCE COMPANY, INC.,
a Colorado corporation, and
MICHAEL MARTELLI, individually,

      Defendants.

**ORDER CONCERNING PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE
EVIDENCE RELATING TO SUSPENSION OF RICHARD MILLER'S CDL
AND CHILD SUPPORT PAYMENTS (Doc. No. 111)**

Plaintiffs Richard Perkins and Richard Miller (together Plaintiffs) ask the Court to exclude 1) all evidence concerning the suspension of Plaintiff Miller's Commercial Driver's License (CDL) and 2) all evidence of the subsequent inability to temporarily meet his child support obligations. The Court concludes that the evidence pertaining to Plaintiff Miller's child support obligations is irrelevant and even if relevant, has minimal probative value and would be overly prejudicial. Fed. R. Evid. 401-403. However, the evidence concerning the suspension of Plaintiff Miller's CDL is relevant to certain damages, particularly an award of back pay, that Plaintiff Miller appears to be claiming; and therefore, this evidence will not be excluded because of these claimed damages.

In their Motion, Plaintiffs first argue that Plaintiff Miller is only asking for non-economic damages such as pain and suffering and mental anguish. However, in Plaintiffs' proposed jury

1

instructions and particularly in their proposed verdict forms and proposed jury interrogatories, Plaintiffs do not limit Plaintiff Richard Miller's relief to non-economic damages. Plaintiffs ask for an award of damages to compensate for a "net loss of wages and benefits to the date of trial." Verdict Form Stip No. 71. Plaintiffs also ask for "damages to compensate for emotional pain and mental anguish" and for punitive damages . . . assessed against Defendant Federal Fruit and Produce[.]" *Id.* Additionally, Plaintiffs have not proposed to amend the Pre-Trial Order to remove Plaintiff Miller's request for an award of back pay to compensate for his retaliatory discharge.

More importantly, FFP claims it would have terminated Plaintiff's employment, if FFP had known about the CDL suspension. This "after acquired evidence" is relevant to limit Plaintiff Miller's damages for back pay. *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352, 354 (1995). According to the Amended Complaint (Doc. No. 7), Miller was hired in November 2008 and was terminated from employment with FFP on July 10, 2009, then reinstated in April 2010 after a union grievance and resigned on June 2, 2010. During the period of time from November 2008 until July 10, 2009, however, Miller's CDL was suspended. Clearly, a suspended CDL is serious enough to justify Miller's discharge had FFP known of the suspension.

In *McKennon v. Nashville Banner Publishing Co.*, the Supreme Court considered what role evidence discovered by an employer, after the employer had already terminated an employee, plays in the determination of liability and damages for a wrongful termination under the Age Discrimination in Employment Act of 1967 (ADEA). *Id.* The Court held after-acquired evidence of misconduct by the former employee during the time of employment, while not relieving the employer of liability, may be relevant to the issue of damages. *Id.*

"Under *McKennon,* information that an employer learns after it has discharged an employee is not relevant to the determination of whether an employer violated Title VII because it necessarily played no role in the actual decision." *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 554 (10th Cir. 1999) (discussing *McKennon*).  To apply the damages limits available from the holding in *McKennon*, an employer must prove two elements.  First, the employer must establish "that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon*, 513 U.S. at 362-63; *Ricky v. Mapco, Inc.*, 50 F.3d 874, 876 (10th Cir.1995) (stating the employer must not only show that it was unaware of the misconduct at the time it terminated the employee, but that the misconduct was "serious enough to justify discharge" and that it would have discharged the employee had it known about the misconduct). Clearly FFP has met this initial showing.  Second, the after-acquired evidence may then be considered to limit the damages remedy available to the wrongfully terminated employee. *McKennon*, 513 U.S. at 362 ("The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered."). *See generally*, *Perkins v. Silver Mountain Sports Club and Spa, LLC*, 557 F.3d 1141, 1146 (10th Cir. 2009).  In sum, after-acquired evidence of misconduct can preclude an award of front pay and can also limit an award of back pay with the exclusion of back pay from the date that the employer learned about the misconduct forward to the date of trial.  So, if Miller persists in claiming front pay and back pay damages, evidence of his suspended CDL will be admissible on those damages issues.

The possible prejudicial effect that this evidence might have on Plaintiff Miller's claim that Defendants discharged him because he opposed racial discrimination, will be addressed by

3

the Court in a jury instruction. The Court will instruct the jury not to consider the evidence in determining liability. The instruction will admonish the jury that it should only consider this evidence in calculating the amount of damages for back pay to be awarded to Plaintiff Miller once the jury finds that Plaintiff Miller proved his retaliation claim.[1]

IT IS ORDERED that PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO SUSPENSION OF RICHARD MILLER'S CDL AND CHILD SUPPORT PAYMENTS (Doc. No. 111) is granted in part, and any evidence concerning Plaintiff Miller's unpaid child support obligations is inadmissible under Fed. R. Evid. 401-403.

IT IS FURTHER ORDERED that PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO SUSPENSION OF RICHARD MILLER'S CDL AND CHILD SUPPORT PAYMENTS (Doc. No. 111) is denied in part, and evidence concerning the suspension of Plaintiff Miller's Commercial Driver's License will be admitted, if Plaintiff Miller persists in claiming front pay and back pay damages.

*James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] *See* Federal Jury Practice and Instructions § 171.73 "After-Acquired Evidence" (Fifth Ed. 2001).