# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

RICHARD PERKINS and
RICHARD MILLER,

        Plaintiffs,

    vs.                           No.   11 CV 542 JAP/KLM

FEDERAL FRUIT AND PRODUCE
COMPANY, INC. and
MICHAEL MARTELLI,

        Defendants.

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

    You have now heard all of the evidence in the case.

    It becomes my duty, therefore, to instruct you on the rules of law that you must follow and apply in arriving at your decision in the case.

    In any jury trial there are, in effect, two judges.  I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to determine what evidence is relevant under the law for your consideration.  It is also my duty at the end of the trial to instruct you on the law applicable to this case.

Jury Instruction No. _____

You, as jurors, are the judges of the facts.  But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

And you must follow all of my instructions as a whole.  You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  That is, you must not substitute or follow your own idea or opinion as to what the law is or ought to be.  It is your duty to apply the law as I give it to you, regardless of the consequences.

By the same token it is also your duty to base your verdict solely upon the evidence in the case, without prejudice or sympathy.

Jury Instruction No. _____

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

Jury Instruction No. ____

Plaintiff Richard Perkins makes a **racial discrimination** claim under Title VII against Defendant Federal Fruit and Produce, only, alleging that Defendant Federal Fruit and Produce racially discriminated against him and terminated his employment because of his race, African-American, in violation of Title VII.

Plaintiff Richard Perkins makes a **retaliation** claim under Title VII for retaliation against Defendant Federal Fruit and Produce, only, alleging that Defendant Federal Fruit and Produce terminated his employment because he complained of racial discrimination.

Plaintiff Richard Perkins makes a **racial discrimination** claim under 42 U.S.C. § 1981 against both Defendant Federal Fruit and Produce and Defendant Michael Martelli alleging that these defendants racially discriminated against him and terminated his employment because of his race.

Plaintiff Richard Perkins makes a **retaliation** claim under 42 U.S.C. § 1981 against both Defendant Federal Fruit and Produce and Defendant Michael Martelli alleging that one or both of these defendants terminated his employment because he complained of racial discrimination.

Plaintiff Richard Miller makes a **retaliation** claim under Title VII against Defendant Federal Fruit and Produce, only, alleging that Defendant Federal Fruit and Produce terminated his employment because he complained of racial discrimination, helped Plaintiff Richard Perkins collect information, and testified against Federal Fruit and Produce about racial discrimination.

Plaintiff Richard Miller makes a **retaliation** claim under 42 U.S.C. § 1981 against both Defendant Federal Fruit and Produce and Defendant Michael Martelli alleging that one or both of these defendants terminated his employment because he complained of racial discrimination,

4

helped Plaintiff Richard Perkins collect information, and/or testified against Federal Fruit and Produce about racial discrimination.

Defendants deny all of the Plaintiffs' allegations and assert that all actions taken with respect to the Plaintiff Richard Perkins' and Plaintiff Richard Miller's employment were taken for legitimate, non-discriminatory, business-related reasons.

Jury Instruction No. _____

It is a general rule in civil cases that a party seeking a recovery or a party relying on a defense has the burden of proving every essential element of its claim or defense by a preponderance of the evidence.

To prove by a preponderance of the evidence means to establish that something is more likely true than not true.  When I say in these instructions that a party has the burden of proof, I mean that you must be persuaded that what is sought to be proved is more probably true than not true.  Evenly balanced evidence is not sufficient.

Jury Instruction No. ____

In order for Plaintiff Richard Perkins to establish his claim against Defendant Federal Fruit and Produce under Title VII for discrimination based on race, he must prove the following by a preponderance of the evidence:

      1.     That a representative of Defendant Federal Fruit and Produce took an adverse employment action against Plaintiff Richard Perkins; and

      2.     That Plaintiff Richard Perkins' race was a motivating factor for the adverse employment action by Defendant Federal Fruit and Produce.

An "adverse employment action" means a significant change in employment status, such as hiring, firing/termination, layoff, failure to promote, reassignment with significantly different responsibilities, disciplinary action which undermines an employee's position, or a decision causing a significant change in wages or benefits.

An adverse employment action is not limited to monetary losses of benefits or wages, but it must be more than a mere inconvenience or alteration of job responsibility.

If you find that Plaintiff Richard Perkins has failed to prove either or both of these elements by a preponderance of the evidence, then you must find against him on his racial discrimination claim and in favor of Defendant Federal Fruit and Produce on this claim. If, on the other hand, you find that Plaintiff Richard Perkins has proved both elements by a preponderance of the evidence, then you must find in his favor and against Defendant Federal Fruit and Produce on this claim.

Jury Instruction No. ____

Plaintiff Richard Perkins claims under Title VII that Defendant Federal Fruit and Produce retaliated against him because he complained that Defendant Federal Fruit and Produce was engaging in unlawful racial discrimination. Opposing racial discrimination in employment is a protected activity, whether the protest is justified or not. Accordingly, to make out his claim of retaliation, Plaintiff Richard Perkins must prove, by a preponderance of the evidence, each of the following elements:

1.  That Plaintiff Richard Perkins complained of racial discrimination in the Federal Fruit and Produce workplace, specifically by filing grievances and/or giving a letter to Stan Kouba and/or by making oral protests to Federal Fruit and Produce management;

2.  That Defendant Federal Fruit and Produce subjected Plaintiff Richard Perkins to a material adverse action; and

3.  The representative (s) of Defendant Federal Fruit and Produce, who took the material adverse action was aware of the complaints, and took the material adverse action, at least in part, because of Plaintiff Richard Perkins' complaint (s).

With respect to the second element, an adverse action is "material" if it might have discouraged a reasonable worker from complaining about similar discrimination.

With respect to the third element, a representative of Defendant Federal Fruit and Produce, with authority to make employment decisions, must have taken the adverse action, at least in part, because of an intent to retaliate against Plaintiff Richard Perkins for complaining about racial discrimination even though it need not have been the sole or primary reason for the adverse action.

8

Jury Instruction No. ____

In order for Plaintiff Richard Perkins to establish his claim against both Defendants Federal Fruit and Produce and Michael Martelli for discrimination based on race under 42 U.S.C. § 1981, he must prove the following elements by a preponderance of the evidence:

1.   That Defendants Federal Fruit and Produce and Michael Martelli subjected him to an adverse employment action; and

2.   Plaintiff Richard Perkins' race was a motivating factor for an adverse employment action by Defendants Federal Fruit and Produce and Michael Martelli.

If you find that Plaintiff Richard Perkins has failed to prove either or both of these elements by a preponderance of the evidence, then you must find against him on his racial  discrimination claim and in favor of Defendants Federal Fruit and Produce and Michael Martelli on this claim. If, on the other hand, you find that Plaintiff Richard Perkins has proved both elements by a preponderance of the evidence, then you must find in his favor and against Defendants Federal Fruit and Produce and Michael Martelli on this claim.

Jury Instruction No. _____

Plaintiff Richard Perkins claims under 42 U.S.C. § 1981 that both Defendants Federal Fruit and Produce and Michael Martelli retaliated against him because he complained of unlawful racial discrimination. Opposing racial discrimination in employment is a protected activity, whether the protest is justified or not. Accordingly, to make out his claim of retaliation, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

1.    That Plaintiff Richard Perkins complained of racial discrimination specifically by filing grievances and/or giving a letter to Stan Kouba and/or by making oral protests to Federal Fruit and Produce management;

2.    That Defendant Federal Fruit and Produce and/or  Michael Martelli was aware of Plaintiff Richard Perkins' complaints;

3.    That Defendant Federal Fruit and Produce and/or  Michael Martelli subjected Plaintiff Richard Perkins to an adverse action; and

4.    That Defendant Federal Fruit and Produce and/or  Michael Martelli took the adverse action at least in part because of Plaintiff Richard Perkins' complaints.

With respect to the third element, an adverse action is "material" if it might have discouraged a reasonable worker from complaining about similar discrimination.

With respect to the fourth element, Defendant Federal Fruit and Produce and/or Michael Martelli must have taken the adverse action, at least in part, because of an intent to retaliate against Plaintiff Richard Perkins for complaining about racial discrimination even though it need not have been the sole or primary reason for the adverse action.

10

Jury Instruction No. ____

Defendant Federal Fruit and Produce and Defendant Michael Martelli claim that one or more of the actions that they took concerning Plaintiff Richard Perkins were for legitimate, nondiscriminatory reasons.  It is Plaintiff Richard Perkins' burden to prove that at least one of the motivating reasons for an adverse action was intentional racial discrimination.

The employer may take adverse actions against an employee for any reason, good or bad, as long as it is not racially discriminatory.  However, you should scrutinize the reasons proffered by Defendant Federal Fruit and Produce and Defendant Michael Martelli, just as you would any other evidence.

If you find that the reasons were "pretextual," that is, they were not the real reasons for the adverse actions taken by Defendant Federal Fruit and Produce and/or Defendant Michael Martelli, then you may infer or not infer, as you choose, that the pretext was designed to conceal racial discrimination.

Jury Instruction No. _____

Plaintiff Richard Miller claims under Title VII that Defendant Federal Fruit and Produce retaliated against him because he opposed racial discrimination at the Federal Fruit and Produce workplace.  Opposing racial discrimination in employment is a protected activity, whether the protest is justified or not.  Accordingly, to make out his Title VII claim of retaliation, Plaintiff Richard Miller must prove, by a preponderance of the evidence, each of the following elements:

1.      That Plaintiff Richard Miller opposed racial discrimination in the Federal Fruit and Produce workplace, specifically by reporting racially discriminatory statements to Angel Mondragon and/or by testifying in Roberto Villa Moreno's arbitration;

2.      That Defendant Federal Fruit and Produce subjected Plaintiff Richard Miller to a material adverse action; and

3.      That the representative (s) of Defendant Federal Fruit and Produce, who was aware of the reports and/or testimony, took the material adverse action, at least in part, because of Plaintiff Richard Miller's reports and/or testimony.

With respect to the second element, an adverse action is "material" if it might have discouraged a reasonable worker from complaining about similar discrimination.

With respect to the third element, a representative of Defendant Federal Fruit and Produce, with authority to make employment decisions, must have taken the adverse action, at least in part, because of an intent to retaliate against Plaintiff Richard Miller for opposing racial discrimination even though it need not have been the sole or primary reason for the adverse action.

Jury Instruction No. ____

Plaintiff Richard Miller claims under 42 U.S.C. § 1981 that Defendants Federal Fruit and Produce and Michael Martelli retaliated against him because he opposed racial discrimination. Opposing racial discrimination in employment is a protected activity, whether the protest is justified or not. Accordingly, to make out his claim of retaliation against Defendants Federal Fruit and Produce and Michael Martelli, Plaintiff Richard Miller must prove, by a preponderance of the evidence, each of the following elements:

1.     That Plaintiff Richard Miller opposed racial discrimination, specifically by reporting racially discriminatory statements to Angel Mondragon and/or by testifying in Roberto Villa Moreno's arbitration and/or by oral protests;

2.     That Defendants Federal Fruit and Produce and/or Michael Martelli was aware of Plaintiff Richard Miller's reports and/or testimony;

3.     That Defendants Federal Fruit and Produce and/or Michael Martelli subjected Plaintiff Richard Miller to an adverse action; and

4.     That Defendants Federal Fruit and Produce and/or Michael Martelli took the adverse action of firing Plaintiff Richard Miller at least in part because of Plaintiff Richard Miller's reports and/or testimony.

With respect to the third element, an adverse action is "material" if it might have discouraged a reasonable worker from complaining about similar discrimination.

With respect to the fourth element, ~~That~~ *JAP* Defendants Federal Fruit and Produce and/or  Michael Martelli must have taken the adverse action ~~of~~ *JAP* against Plaintiff Richard Miller, at least in part, because of an intent to retaliate against Plaintiff Richard Miller for complaining about racial discrimination even though it need not have been the sole or primary reason for the adverse action.

Jury Instruction No. ____

Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment.  An employer may make those employment decisions as it sees fit, as long as it is not unlawful.

In determining whether Defendant Federal Fruit and Produce's and/or Defendant Michael Martelli's stated reason for its and/or his actions were a pretext for racial discrimination, you may not question Defendant Federal Fruit and Produce's or Defendant Michael Martelli's business judgment.  Pretext is not established just because you disagree with the business judgment of a defendant, unless you find that a defendant's reason was a pretext for racial discrimination or retaliation.

Jury Instruction No. ____

You have heard evidence that a defendant's adverse actions were motivated by Plaintiff Richard Perkins'
race and/or Plaintiff Richard Perkins' and/or Plaintiff Richard Miller's opposition to racial discrimination, and
also by other reasons. If you find that Plaintiff Richard Perkins' race and/or Plaintiff Richard Perkins' or
Plaintiff Richard Miller's opposition to racial  discrimination was a motivating factor in Defendant Federal Fruit
and Produce's and/or Defendant Michael Martelli's actions, Plaintiff Richard Perkins and/or Plaintiff Richard
Miller are entitled to your verdict, even if you find that the Defendant Federal Fruit and Produce's and/or
Defendant Michael Martelli's conduct was also motivated by other reasons.

However, if you find that Defendant Federal Fruit and Produce's and/or Defendant Michael Martelli's
decisions were motivated by both racially discriminatory and other reasons, you must decide whether Plaintiff
Richard Perkins and/or Plaintiff Richard Miller are entitled to damages.

Plaintiff Richard Perkins is entitled to damages unless Defendant Federal Fruit and Produce and/or
Defendant Michael Martelli prove by a preponderance of the evidence that it and/or he  would have made the
same decision even if the racially discriminatory reason had played no role in the employment decision.

Plaintiff Richard Miller is entitled to damages unless Defendant Federal Fruit and Produce and/or
Defendant Michael Martelli prove by a preponderance of the evidence that it and/or he would have made the
same decision even if the retaliatory reason played no role in its and/or his decision to terminate Richard
Miller's employment.

Jury Instruction No. _____

Although there are two plaintiffs in this lawsuit, it does not mean that if one plaintiff is entitled to recover, the other plaintiff entitled to recover.  The rights of the two plaintiffs in this lawsuit are separate and distinct, and you should decide the issues as if each plaintiff had brought a separate lawsuit.

In this connection, you will note that some of the instructions apply to one plaintiff, while other instructions apply to both plaintiffs.

Although there are two defendants in this lawsuit, it does not follow from that fact alone that if one is liable, another is liable.  Each defendant is entitled to a fair consideration of that defendant's own defense.  You will decide each defendant's case separately, as if each were a separate lawsuit.

Jury Instruction No. _____

A corporation can act only through its officers and employees.  Any act or omission of an officer or an employee of a corporation, within the scope or course of his or her employment, is the act or omission of the corporation.

One of the parties in this case is a corporation.  A corporation is entitled to the same fair and unprejudiced treatment as an individual, and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

Jury Instruction No. _____

As stated earlier, it is your duty to determine the facts, and in so doing, you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

Jury Instruction No. _____


You may consider either direct or circumstantial evidence.  "Direct evidence" is the testimony of one
who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" consists of proof of
facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved.  The
law makes no distinction between the weight to be given to either direct or circumstantial evidence.

Jury Instruction No. _____

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to each witness' testimony. In weighing the testimony of a witness you should consider the witness' relationship to a plaintiff or to a defendant; the witness' interest, if any, in the outcome of the case; manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness' present testimony. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Jury Instruction No. _____

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made material statements, under oath or otherwise, which are inconsistent with the present testimony of the witness, or by evidence that the general reputation of the witness for truth, honesty or integrity is bad, or by evidence that the witness has been convicted of a crime, or by specific acts of wrongdoing of the witness.

If you believe that any witness has been impeached or discredited, it is your exclusive province to give the testimony of that witness only such credit as you may think it deserves.

Jury Instruction No. _____

IN  JAP

The proximate cause of damages is that which in a natural and continuous sequence produces the

damages, and without which the damages would not have occurred.  It need not be the only cause, nor the last

nor nearest cause.  It is sufficient if it occurs with some other cause acting at the same time, which in

combination with it, causes the damages.

Jury Instruction No. _____

An expert witness is permitted to state an opinion based upon a question which, for the purposes of trial, assumes as true certain facts which may or may not be true.

It will be for you in your deliberations, however, to determine from all of the evidence whether or not the facts assumed have been proved to be true.

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist you in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state an expert opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely or you may accept whatever portion of the opinion you wish.

Jury Instruction No. _____

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, and other documents which are in evidence in the case. Such charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Jury Instruction No. _____

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Jury Instruction No. _____

Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing.  This testimony is entitled to the same consideration that you give any other testimony at this trial.

Interrogatories are written questions asked by one party to another before trial and answered under oath. The questions and answers may be read at trial as evidence. The answers read to you are testimony under oath and are entitled to the same considerations that you give any other testimony.

Jury Instruction No. _____

An attorney has the right to interview a witness for the purpose of learning what testimony the witness will give. The fact that the witness has talked to an attorney does not reflect adversely on the truth of such testimony.

Jury Instruction No. _____

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages should not be taken as an indication as to whether the court thinks damages should or should not be awarded.

Jury Instruction No. ____

Plaintiff Richard Perkins received $54,523.76 in exchange for resolving certain grievances under the Collective Bargaining Agreement. Plaintiff Richard Miller accepted $26,615.40 in exchange for resolving certain grievances under the Collective Bargaining Agreement. The acceptance of the monies by Richard Perkins and Richard Miller did not resolve or settle their right to assert claims against the Defendants based on alleged unlawful race discrimination and/or retaliation.

Jury Instruction No. _____

If you should find in favor of Plaintiff Richard Perkins, then you must award Plaintiff Richard Perkins the sum as you find by the preponderance of the evidence will fairly and justly compensate him for damages you find he sustained as a direct result of Defendant Federal Fruit and Produce's and/or Defendant Michael Martelli's racially discriminatory or retaliatory conduct.  You may award only those damages which will reasonably compensate Plaintiff Richard Perkins for the injuries that he sustained as a result of Defendant Federal Fruit and Produce's and/or Defendant Michael Martelli's racial discrimination or retaliation.

Damages include wages and/or fringe benefits you find Plaintiff Richard Perkins would have earned in his employment with Defendant Federal Fruit and Produce if Plaintiff Richard Perkins  had not been fired, minus the amount of income received by Plaintiff Richard Perkins from the date of the termination to the present date.  You must not calculate and award wages for any period of time during which Plaintiff Richard Perkins was unable to work due to illness, injury, or other cause.

You must also calculate separately, as future damages, a monetary amount equal to the present value of the wages and benefits that Plaintiff Richard Perkins would have earned had he  not been racially discriminated against and/or terminated from his employment for the period from the date of your verdict until the date when Plaintiff Richard Perkins would have voluntarily resigned or obtained other employment.

When considering the amount of monetary damages to which Plaintiff Richard Perkins may be entitled, you should also consider the nature, character, and seriousness of any pain and suffering, inconvenience, mental anguish, or loss of enjoyment of life Plaintiff Richard Perkins experienced.  You must also consider its extent or duration, as any award you make must cover the damages endured by Plaintiff Richard Perkins since he was fired from Federal Fruit and Produce, to the present time, and even into the future if you find that the evidence shows Plaintiff Richard Perkins' emotional stress and its consequences have continued to the present time or

can reasonably be expected to continue in the future.

If you find in favor of Plaintiff Richard Perkins, but you find that his damages have no monetary value, then you must return a verdict for Plaintiff Richard Perkins in the nominal amount of one dollar.

Remember you must not engage in any speculation, guess, or conjecture, and you must not award any damages by way of punishment or through sympathy.

You are not permitted to award speculative damages.

Jury Instruction No. ____

If you should find in favor of Plaintiff Richard Miller, then you must award Plaintiff Richard Miller the sum as you find by the preponderance of the evidence will fairly and justly compensate him only for the emotional pain and suffering you find he sustained as a direct result of Defendant Federal Fruit and Produce's and/or Defendant Michael Martelli's retaliatory conduct.

When considering the amount of monetary damages to which Plaintiff Richard Miller may be entitled, you should consider the nature, character, and seriousness of any pain and suffering, inconvenience, mental anguish, or loss of enjoyment of life Plaintiff Richard Miller experienced. You must also consider its extent or duration, as any award you make must cover the damages endured by Plaintiff Richard Miller since he was fired, to the present time, and even into the future if you find that the evidence shows Plaintiff Richard Miller's emotional stress and its consequences have continued to the present time or can reasonably be expected to continue in the future.

If you find in favor of Plaintiff Richard Miller, but you find that his damages have no monetary value, then you must return a verdict for Plaintiff Richard Miller in the nominal amount of one dollar.

Remember you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

You are not permitted to award speculative damages.

Jury Instruction No. ____

Plaintiff Richard Perkins must make every reasonable effort to minimize or reduce his damages for loss of compensation by seeking employment. This is referred to as "mitigation of damages." Defendant Federal Fruit and Produce and Defendant Michael Martelli must prove by a preponderance of the evidence that Plaintiff Richard Perkins failed to mitigate his damages for loss of compensation.

If you determine Plaintiff Richard Perkins is entitled to damages, you must reduce these damages by

1.      What income Plaintiff Richard Perkins received and

2.      What income Plaintiff Richard Perkins could have earned by reasonable effort during the period from his discharge until the date of trial.

Plaintiff Richard Perkins must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider

1.      The type of work,

2.      The hours worked,

3.      The compensation,

4.      The job security,

5.      The working conditions, and

6.      Other conditions of employment.

You must decide whether Plaintiff Richard Perkins acted reasonably in not seeking or accepting a particular job. If you determine Plaintiff Richard Perkins did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from Plaintiff Richard Perkins' failure to do so. You must not compensate Plaintiff Richard Perkins for any portion of his damages resulting from his failure to make reasonable efforts to reduce his damages.

Jury Instruction No. _____

     You must not award compensatory damages more than once for the same injury.  For example, if a plaintiff prevails on more than one of the plaintiff's claims and establishes a dollar amount for the plaintiff's injuries, you must not award the plaintiff any additional compensatory damages on each claim.  Each plaintiff is only entitled to be made whole once, and may not recover more than what each plaintiff may have lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate each plaintiff fully for all injuries.

Jury Instruction No. _____

In fixing the amount of money that will reasonably and fairly compensate Plaintiff Richard Perkins and/or Plaintiff Richard Miller, you should consider that one who is damaged must exercise ordinary care to minimize existing damages and to prevent further damages.  Neither Plaintiff Richard Perkins nor Plaintiff Richard Miller may recover for losses which could have been prevented by reasonable efforts.

The burden of proof with respect to this issue is on Defendant Federal Fruit and Produce and Defendant Michael Martelli.

Jury Instruction No. _____

In addition to compensatory damages mentioned in the other instructions, the law permits the jury under limited circumstances to award an injured person punitive damages.

If you find that Plaintiff Richard Perkins should recover compensation for damages, and if you further find that the conduct of Defendant Federal Fruit and Produce and/or Defendant Michael Martelli was malicious or recklessly indifferent to Plaintiff Richard Perkins' right not to be racially discriminated against and that Defendant Federal Fruit and Produce and/or Defendant Michael Martelli did not make a good faith effort to comply with the law, you may, but are not required to, award punitive damages to Plaintiff Richard Perkins.

If you find that the conduct of Defendant Federal Fruit and Produce and/or Defendant Michael Martelli was malicious or recklessly indifferent to Plaintiff Richard Perkins' right not to be retaliated against for opposing racial discrimination and that Defendant Federal Fruit and Produce and/or Defendant Michael Martelli did not make a good faith effort to comply with the law, you may, but are not required to, award punitive damages to Plaintiff Richard Perkins.

If you find that the conduct of Defendant Federal Fruit and Produce and/or Defendant Michael Martelli was malicious or recklessly indifferent to Plaintiff Richard Miller's right not to be retaliated against for opposing racial discrimination and that Defendant Federal Fruit and Produce and/or Defendant Michael Martelli did not make a good faith effort to comply with the law, you may, but are not required to, award punitive damages to Plaintiff Richard Miller.

However, you may not award punitive damages if Defendant Federal Fruit and Produce proves by a preponderance of the evidence that Defendant Federal Fruit and Produce made a good faith effort to comply with the law by prohibiting racial discrimination and retaliation and a manager, supervisor, or owner responsible for the racial discrimination or retaliation was therefore acting in contradiction of company policy and practice.

You may not award punitive damages if Defendant Michael Martelli proves by a preponderance of the evidence that Defendant Michael Martelli made a good faith effort to comply with the law by prohibiting racial discrimination and retaliation and that he abided by company policy and practice.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown. The amount awarded, if any, must be reasonably related to the actual damages and injury and not disproportionate to the circumstances.

Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful.

Recklessly indifferent conduct is conduct that a defendant knows was in violation of law prohibiting racial discrimination or in violation of law prohibiting retaliation for opposing racial discrimination, or conduct with reckless disregard of that law, that is, with an intention to disregard what the defendant knew that his acts were likely to have been in violation of the law, in other words, the defendant intentionally acted with utter indifference to the consequences.

Jury Instruction No. _____

Faithful performance by you of your duties is vital to the administration of justice.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate in an effort to reach an agreement if you can do so without giving up your individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Jury Instruction No. _____

Upon retiring to the jury room you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court.

Special interrogatories and verdict forms have been prepared for your convenience. You will take the special interrogatories and verdict forms to the jury room and when you have reached unanimous agreement as to your answers to the special interrogatories and to your verdict, you will have your foreperson fill in, date and sign them and then return to the courtroom.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing signed by the foreperson, and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom. I caution you, however, with regard to any message or question you might send, that you should never state your numerical division.

UNITED STATES DISTRICT JUDGE