**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Judge James A. Parker, sitting by designation**

**Civil Case No. 11-cv-00542-JAP-KLM**

**RICHARD PERKINS, individually and**
**RICHARD MILLER, individually,**

      **Plaintiffs,**

**v.**

**FEDERAL FRUIT & PRODUCE COMPANY, INC.,**
**a Colorado corporation, and**
**MICHAEL MARTELLI, individually,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**

This case was tried before a jury from May 16, 2012, through May 25, 2012. The jury

returned a verdict in favor of Plaintiff Richard Perkins (Plaintiff Perkins) and Plaintiff Richard

Miller (Plaintiff Miller) against Defendant Federal Fruit and Produce Company, Inc. (Defendant

FFP) and Defendant Michael Martelli (Defendant Martelli). The Court asked counsel for

Plaintiffs and counsel for Defendants to submit proposed judgments reflecting the jury's verdict.

Counsel have submitted separate proposed judgments; the judgments exhibit a disagreement on

the jury's findings and awards of damages. After carefully examining the jury's answers to

several Special Interrogatories provided to the jury and the jury's award of damages on the

claims, the Court will enter a Judgment. This MEMORANDUM OPINION AND ORDER

explains the Court's reasoning behind the Judgment.

    I.  Standard of Review

    "The Seventh Amendment protects a party's right to a jury trial by ensuring that factual

determinations made by a jury are not thereafter set aside by the court . . . . Thus, under the Seventh Amendment, the court may not substitute its judgment of the facts for that of the jury." *Ag Servs. of Am., Inc. v. Nielsen*, 231 F.3d 726, 730–31 (10th Cir. 2000), *cert. denied*, 532 U.S. 1021 (2001).  Accordingly, the Court is bound by both the jury's explicit findings of fact as well as any findings necessarily implicit in its verdict.  *Bartee v. Michelin N. Am., Inc.*, 374 F.3d 906, 912–13 (10th Cir. 2004).  The Seventh Amendment right to a jury trial, however, does not permit a court to enter a judgment when a jury's verdict is internally inconsistent or when an award of damages results in double recovery for the same injury.  *Johnson v. Ablt Trucking Co., Inc.*, 412 F.3d 1138, 1139 (10th Cir.  2005).   If a jury verdict cannot be explained by evidence in the record and it is apparent that the jury duplicated an award, "the court, either *sua sponte* or on motion of a party, should reduce the judgment by the amount of the duplication," and thereby prevent double recovery.  *Mason v. Okla. Tpk. Auth.*, 115 F.3d 1442, 1459 (10th Cir. 1997).

II.  The Claims and The Jury Verdict

Plaintiff Richard Perkins presented a total of six claims: 1) a claim of disparate treatment against Defendant FFP; 2) a claim of disparate treatment against Defendant Martelli; 3) an unlawful discharge claim against Defendant FFP; 4) an unlawful discharge claim against Defendant Martelli; 5) a retaliation claim against Defendant FFP; and 6) a retaliation claim against Defendant Martelli.  Plaintiff Richard Miller presented two claims: 1) a retaliation claim against Defendant FFP, and 2) a retaliation claim against Defendant Martelli.

In addition to jury instructions, the parties stipulated to Special Interrogatories that were submitted to the jury on each claim and agreed that the jury's answers to the Special Interrogatories would constitute the jury's verdict.  The jury received a total of eight sets of Special Interrogatories, one for each claim listed above.

A.  Plaintiff Perkins' Disparate Treatment Claims[1]

The first set of Special Interrogatories concerned Plaintiff Perkins' disparate treatment

claim against Defendant FFP.  In the answers to these Special Interrogatories, the jury answered

"yes" when asked whether Plaintiff Perkins' race was a motivating factor that prompted

Defendant FFP to subject him to adverse employment actions.  An "adverse employment action"

was defined in the jury instructions as

> a significant change in employment status, such as hiring, firing/termination, layoff,
> failure to promote, reassignment with significantly different responsibilities, disciplinary
> action which undermines an employee's position, or a decision causing a significant
> change in wages and benefits.  An adverse employment action is not limited to monetary
> losses of benefits or wages, but it must be more than a mere inconvenience or alteration
> in job responsibilities.

*See* Jury Instructions (Doc. No. 143-6 at 7.)  On this claim, the jury awarded damages in the

amount of $10,000.00 to compensate Plaintiff Perkins for emotional pain and mental anguish.

The jury also answered "yes" when asked whether a higher management official at FFP acted

with malice or reckless indifference to Plaintiff Perkins' federally protected rights, and the jury

found that Defendant FFP did not act in a good faith attempt to comply with the law.  The jury

awarded $65,000.00 in punitive damages on this claim based on these findings.  Both Plaintiffs'

and Defendants' proposed judgments awarded a total amount of $75,000.00 to Plaintiff Perkins

on this claim.  The Court will award this amount in its Judgment.

The second set of Special Interrogatories concerned Plaintiff Perkins' disparate treatment

claim against Defendant Martelli.  In response to these Special Interrogatories, the jury answered

---

[1] The Court's instructions to the jury referred to this claim as a race discrimination claim;
however, the Special Interrogatories referred to this claim as a disparate treatment claim.  When
asked by the jury as to the meaning of "disparate treatment," the Court stated that the meaning of
disparate treatment in the Special Interrogatory was the same as the jury instruction defining race
discrimination. *See* Jury Instructions (Doc. No. 143-6 at 7); Jury Note (Doc. No. 143-9); and
Answer (Doc. No. 143-10).

"yes" when asked whether Plaintiff Perkins' race was a motivating factor that prompted Defendant Martelli to subject him to adverse employment actions. On this claim, the jury awarded damages in the amount of $10,000.00 to compensate Plaintiff Perkins for emotional pain and mental anguish. The jury also answered "yes" when asked whether Defendant Martelli acted with malice or reckless indifference to Plaintiff Perkins' federally protected rights, and the jury found that Defendant Martelli did not act in a good faith attempt to comply with the law. The jury awarded $65,000.00 in punitive damages on this claim based on these findings. Both Plaintiffs' and Defendants' proposed judgments awarded a total amount of $75,000.00 to Plaintiff Perkins on this claim. The Court will award this amount in its Judgment.

The damages awarded to Plaintiff Perkins on his claims for disparate treatment against Defendant FFP and Defendant Martelli are supported by the evidence and are not duplicative. The evidence showed that Defendant FFP acted through agents other than Defendant Martelli, such as Defendant FFP's operations manager Angel Mondragon, and this evidence supports a separate award against Defendant FFP for its disparate treatment of Plaintiff Perkins on the basis of race. Also, based on the inclusion of both $75,000.00 awards in the Defendants' proposed judgment, the Court infers that Defendants did not consider these two awards to be duplicative. *See Mason*, 115 F.3d at 1460 ("[M]ultiple punitive damage awards on overlapping theories of recovery may not be duplicative at all, but may instead represent the jury's proper effort to punish and deter all the improper conduct underlying the verdict."). Therefore, the Court will award to Plaintiff Perkins $75,000.00 on his disparate treatment claim against Defendant FFP, and the Court will separately award $75,000.00 on Plaintiff Perkins' disparate treatment claim against Defendant Martelli.

B.  Plaintiff Perkins' Retaliation Claims

The fifth set of Special Interrogatories concerned Plaintiff Perkins' retaliation claim against Defendant FFP.  In response to these Special Interrogatories, the jury answered "yes" when asked whether Plaintiff Perkins opposed racially discriminatory treatment by filing grievances and by making reports to Defendant FFP.  The jury also answered "yes" when asked if Plaintiff Perkins was discharged from his employment by Defendant FFP because he opposed racially discriminatory treatment.  On this claim, the jury awarded Plaintiff Perkins damages to compensate for a net loss of wages and benefits from the date of discharge to the date of trial in the amount of $26,697.00.  This amount is consistent with the evidence presented at trial from Plaintiff's expert economist Dr. Pat Pacey.

The sixth set of Special Interrogatories concerned Plaintiff Perkins' retaliation claim against Defendant Martelli.  In response to these Special Interrogatories, the jury answered "yes" when asked if Plaintiff Perkins opposed racially discriminatory treatment by filing grievances and by making reports to Defendant Martelli and the jury answered "yes" when asked if Plaintiff Perkins was discharged from his employment by Defendant Martelli because he opposed racially discriminatory treatment.  On this claim, the jury awarded Plaintiff Perkins damages to compensate for a net loss of wages and benefits to the date of trial in the amount of $26,697.00.

In the Judgment the Court will award a total of $26,697.00 plus interest to compensate Plaintiff Perkins for the net loss of wages and benefits to the date of trial on Plaintiff Perkins' retaliation claims.  The Court will award this single amount against Defendant FFP and Defendant Martelli, jointly and severally, because Plaintiff Perkins may collect only one award of damages for the loss of wages and benefits.  If both awards are entered into the Judgment, the

awards would be duplicative and erroneous as a matter of law.  In *Cache La Poudre Feeds, LLC v. Land O' Lakes, Inc.*, the court stated

> The Tenth Circuit has held that "[w]here a jury awards duplicate damages, the court, either *sua sponte* or on motion of a party, should reduce the judgment by the amount of the duplication." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1235 (10th Cir. 2000) (citing *Mason v. Oklahoma Turnpike Auth.*, 115 F.3d 1442, 1459 (10th Cir. 1997)). "It is well established that 'double recovery is precluded when alternative theories seeking the same relief are pled and tried together.' " *Mason*, 115 F.3d at 1459 (citing *Clappier v. Flynn*, 605 F.2d 519, 530 (10th Cir. 1979)).

No. 04-cv-00329, 2008 WL 269451, *3 (D. Colo. Jan. 29, 2008) (unreported decision).

On the retaliation claims, the jury awarded Plaintiff Perkins damages for emotional pain and mental anguish against Defendant FFP in the amount of $50,000.00, and the jury awarded Plaintiff Perkins damages for emotional pain and mental anguish against Defendant Martelli in the amount of $50,000.00.  Defendants included both of these awards in their proposed judgment.  The Court finds that these awards are not duplicative because there was evidence from which the jury could have found that Plaintiff Perkins suffered emotional pain and mental anguish with respect to both Defendant FFP's and Defendant Martelli's retaliatory actions.  Thus, the Court will include both awards of $50,000.00 in its Judgment for a total award of $100,000.00 to compensate for emotional pain and mental anguish caused by Defendant FFP's and Defendant Martelli's retaliation.

Lastly, the jury awarded Plaintiff Perkins punitive damages against Defendant FFP on Plaintiff Perkins' retaliation claim against Defendant FFP in the amount of $350,000.00.  The jury awarded Plaintiff Perkins punitive damages against Defendant Martelli in the amount of $150,000.00.  Based on the total award of damages contained in Defendants' proposed judgment, it is reasonable to infer that Defendants agreed to include both of these punitive damage awards.  The Court will enter a Judgment awarding both of these damage amounts

because they are not duplicative. *Mason*, *supra*.

### C.  Plaintiff Perkins' Unlawful Discharge Claims

The third set of Special Interrogatories concerned Plaintiff Perkins' unlawful discharge claim against Defendant FFP.  In response to these Special Interrogatories, the jury answered "yes" when asked whether Defendant FFP's decision to terminate Plaintiff Perkins' employment was motivated by both race and non-racial reasons.  The jury answered "no" when asked whether Defendant FFP proved that it would have made the same decision to terminate Plaintiff Perkins' employment if race played no role in the decision.  On this claim, the jury awarded Plaintiff Perkins damages against Defendant FFP to compensate for the net loss of wages and benefits to the date of trial in the amount of $3,000.00.

The fourth set of Special Interrogatories concerned Plaintiff Perkins' unlawful discharge claim against Defendant Martelli.  In response to these Special Interrogatories, the jury answered "yes" when asked whether Defendant Martelli's decision to terminate Plaintiff Perkins' employment was motivated by both race and non-racial reasons.  The jury answered "no" when asked whether Defendant Martelli proved that he would have made the same decision to terminate Plaintiff Perkins' employment if race played no role in the decision.  On this claim, the jury awarded Plaintiff Perkins damages against Defendant Martelli to compensate for the net loss of wages and benefits to the date of trial in the amount of $6,500.00.  However, the evidence does not support either the award of $3,000.00 or the award of $6,500.00.  Plaintiff Perkins will receive, in the Judgment, an award of $26,697.00 against Defendant FFP and Defendant Martelli, jointly and severally, for the net loss of wages and benefits on Plaintiff Perkins' retaliation claims.  Thus, the Court will omit the awards of $3,000.00 and $6,500.00 from the Judgment because these awards are duplicative, inconsistent, and not supported by the evidence.

On the unlawful discharge claims, the jury also awarded Plaintiff Perkins damages for emotional pain and mental anguish against Defendant FFP in the amount of $5,000.00, and the jury awarded Plaintiff Perkins damages for emotional pain and mental anguish against Defendant Martelli in the amount of $15,000.00.  The Court will include both the $5,000.00 award and the $15,000.00 award in the Judgment because the evidence shows that employees and agents of Defendant FFP other than Defendant Martelli were involved in the decision to terminate Plaintiff Perkins' employment.  Thus, the evidence supports a separate finding that Plaintiff Perkins suffered emotional pain and mental anguish from both the actions of Defendant FFP's agents and the actions of Defendant Martelli.

Lastly, the jury awarded Plaintiff Perkins punitive damages against Defendant FFP for unlawful discharge in the amount of $65,000.00.  The jury awarded Plaintiff Perkins punitive damages against Defendant Martelli for unlawful discharge in the amount of $65,000.00.  The jury found that both Defendant FFP and Defendant Martelli acted with malice or reckless indifference to Plaintiff Perkins' federally protected rights. Hence, the Court will enter a Judgment awarding both of these damage amounts because they are not duplicative.

### D.  Defendants' Omission of Unlawful Discharge Damages

In Defendants' proposed judgment, Defendants have omitted the jury's award of damages to Plaintiff Perkins on either of the unlawful discharge claims because Defendants contend that this award is duplicative of the award of damages for retaliation.  Defendants argue that the unlawful discharge claims and the retaliation claims involved the same conduct, the termination of Plaintiff Perkins' employment.  However, the Special Interrogatories regarding the unlawful discharge claims asked the jury to determine whether "Plaintiff Richard Perkins' race was a motivating factor that prompted Defendant FFP to [discharge Plaintiff Perkins from

employment.]"  The jury answered "yes" to this special interrogatory.  The same special interrogatory was presented to the jury on Plaintiff Perkins' unlawful discharge claim against Defendant Martelli, and the jury answered "yes" to this special interrogatory as well.  On the retaliation claims, the jury was asked whether Defendant FFP "discharged Plaintiff Perkins from his employment because he opposed racially discriminatory treatment[.]" The jury answered "yes" to this interrogatory.  The same special interrogatory was presented to the jury on Plaintiff Perkins' retaliation claim against Defendant Martelli, and the jury answered "yes" to this interrogatory as well.  From the wording of these special interrogatories, the jury clearly imposed liability on both Defendant FFP and Defendant Martelli for discharging Plaintiff Perkins, each for two different unlawful motivations: 1) Plaintiff Perkins' race; and 2) Plaintiff Perkins' opposition to racial discrimination.  Since the unlawful discharge claims and the retaliation claims were based on different conduct by Defendant FFP and Defendant Martelli, the damage awards for emotional pain and mental anguish and for punitive damages are not duplicative.  The Court will include all of these awards in the Judgment. *See J.M. ex rel. Morris v. Hilldale Indep. Sch. Dist. No. 1-29*, 397 Fed. Appx. 445, 460 (10th Cir. 2010) (upholding jury verdicts for high school student on her Title IX discrimination claim, § 1983 claim, and negligent supervision claim even though all three claims related to her sexual relationship with teacher because awards were not duplicative).

E.  Plaintiff Miller's Claims of Retaliation

The seventh set of Special Interrogatories concerned Plaintiff Miller's claim for retaliation against Defendant FFP.  In response to these Special Interrogatories, the jury answered "yes" when asked whether Defendant FFP discharged Plaintiff Miller because he opposed racially discriminatory treatment.  The jury awarded Plaintiff Miller damages to

compensate for emotional pain and mental anguish in the amount of $50,000.00.  The jury answered "yes" when asked whether a higher management official of Defendant FFP acted with malice or reckless indifference to Plaintiff Miller's federally protected rights.  The jury answered "no" when asked whether a higher management official of Defendant FFP acted in a good faith attempt to comply with the law.  The jury awarded punitive damages against Defendant FFP in the amount of $50,000.00.  Finding no error in this verdict, the Court will include both of these amounts in the Judgment.

The eighth set of Special Interrogatories concerned Plaintiff Miller's claim for retaliation against Defendant Martelli.  However, these Special Interrogatories were fatally flawed, and as discussed in the next section, the Court must order a new trial on this claim.

III.  New Trial On Plaintiff Miller's Retaliation Claim Against Defendant Martelli

Rule 59(d) provides that the Court *sua sponte* may order a new trial "for any reason that would justify granting one on a party's motion."  Fed. R. Civ. P. 59(d).  Under Rule 59(a), a new trial may be granted "on all or some of the issues and to any party. . . ." Fed. R. Civ. P. 59(a).  With respect to Plaintiff Miller's claim against Defendant Martelli for retaliation, the jury was asked the following special interrogatories:

Do you find from a preponderance of the evidence:

1.      That Plaintiff Richard Miller opposed racially discriminatory treatment by reporting racially discriminatory treatment to Angel Mondragon?

Answer Yes or No _____

2      That Plaintiff Richard Miller opposed racially discriminatory treatment by testifying in Roberto Villa Moreno's arbitration?

Answer Yes or No _____

3.      That Defendant Michael Martelli discharged Plaintiff Richard Miller?

Answer Yes or No _____

4.      That Defendant Michael Martelli discharged Plaintiff Richard Miller because he opposed racially discriminatory treatment?

Answer Yes or No ____

Note:  If you answered No any of the above questions, you need not answer the remaining questions.

6. (a)   That Defendant Michael Martelli acted with malice or reckless indifference to Plaintiff Richard Miller's federally protected rights?

Answer Yes or No _____

(b)  If your answer is Yes, that Defendant Michael Martelli had not acted in a good faith attempt to comply with the law?

Answer Yes or No _____

(c)  If your answer is Yes, what amount of punitive damages, if any, should be assessed against Defendant Michael Martelli?  $ _____.

(Special Interrogatory on Richard Miller's Retaliation Claim Against Michael Martelli (Doc. No. 143-12)).  The jury answered "yes" to all of the questions in paragraphs 1-4.  The jury answered "yes" to the interrogatory in paragraph 6(a), and the jury answered "no" to the interrogatory in paragraph 6(b).  The jury entered the amount of $200,000 in punitive damages in the blank provided in paragraph 6(c).  However, Paragraph 5 was omitted from this Special Interrogatory:

5.      That Plaintiff Richard Miller should be awarded damages to compensate for emotional pain and mental anguish?

Answer Yes or No _____

If your answer is Yes, in what amount?  $ _____

This paragraph was included in the parties' stipulated Special Interrogatories.  The Court inadvertently omitted paragraph 5 from the Special Interrogatory submitted to the jury.  Thus, the jury was not given the opportunity to award damages to Plaintiff Miller for emotional pain and mental anguish.  The evidence presented at trial, however, could have supported an award of

damages to Plaintiff Miller for emotional pain and mental anguish.  Hence, the Court finds that this eighth set of Special Interrogatories contained a fatal error.  This omission rendered the jury's verdict on Plaintiff Miller's retaliation claim against Defendant Martelli incomplete. Therefore, since an essential component of the damages requested by Plaintiff Miller was omitted and since sufficient evidence was presented at trial that could have supported an award of damages for emotional pain and mental anguish, the Court will *sua sponte* order a partial new trial on damages for Plaintiff Miller's claim of retaliation against Defendant Martelli.

Defendants argue that the punitive damage award against Defendant Martelli is invalid because the jury did not award compensatory damages to Plaintiff Miller.  The only compensatory damages that were available for the jury to award to Plaintiff Miller, however, were damages for emotional pain and mental anguish.  Plaintiff Miller stipulated to this limit because he previously received a settlement in which he was compensated for his back wages and benefits.  Thus, the jury was not given the opportunity to award compensatory damages.  *See generally*, *Jones v. Rent-A-Center, Inc.,* 281 F. Supp. 2d 1277, 1288 (D. Kan. 2003) (stating, "punitive damages should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.") (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003)).  Since the jury was not given the opportunity to consider compensatory damages on Plaintiff Millers' retaliation claim against Defendant Martelli, the Court will grant a partial new trial on damages related to this claim.

IT IS ORDERED that a new trial is granted only on the damages that should be awarded to Plaintiff Richard Miller on his claim of retaliation against Defendant Michael Martelli.

Entered on June 22, 2012, in Denver, Colorado.

_____
SENIOR UNITED STATES DISTRICT JUDGE