**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:11-cv-00542-REB-KLM

RICHARD PERKINS, and
RICHARD MILLER,

Plaintiffs,

v.

FEDERAL FRUIT & PRODUCE COMPANY, INC., and
MICHAEL MARTELLI,

Defendants.

---

**DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S REQUEST FOR ADDITIONAL ANALYSIS ON PUNITIVE DAMAGES ISSUES**

---

Defendants Federal Fruit & Produce Company, Inc. ("Federal Fruit") and Michael Martelli ("Martelli") (collectively "Defendants"), through their attorneys at Sherman & Howard L.L.C., and pursuant to the Court's request during the November 19, 2012 hearing on post-trial motions (Dkt. No. 186), file this supplemental brief. Defendants assert as follows:

## INTRODUCTORY STATEMENT

On November 19, 2012, a hearing was held in which Judge James A. Parker requested supplemental briefing on three issues related to Defendants' request in their Motion for Remittitur that the punitive damages awarded to Plaintiffs be reduced:

1. Given the factors set forth by the Supreme Court in BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 576-577 (1996), in evaluating the reprehensibility of a defendant's conduct, whether emotional distress can be included within the language of physical injuries as opposed to economic only;

2. Whether under these factors, the health and safety of others includes the health – physical or emotional – of the plaintiff who brings the claim; and

3. Whether cases involving race discrimination should be considered more egregious than cases involving other forms of discrimination. (Dkt. No. 186.)

**FINDINGS**

A summary of cases is provided below organized separately by issue. Regarding the first issue, the cases that follow show that emotional distress is considered only an economic injury. Courts have not considered awards for emotional distress to constitute evidence of physical harm. Specifically, Defendants have not identified any cases in which claims of emotional distress, supported by the weak and conclusory evidence of emotional distress presented by Plaintiffs, weigh in favor of a greater punitive damages award.[1]

Regarding the second issue, while some courts focus only on the health and safety of the plaintiff while others focus on the health and safety of others, it is clear that courts consider the number of individuals whose health and safety could have been

[1] Plaintiffs' untruthful testimony in support of their claims and damages is undisputed. (See Dkt. Nos. 172, 181 and 183.) For example, with respect to Miller, whose claim for emotional distress damages was based solely upon his own testimony that there was discord in his 27-year marriage and he was unable, for the first time, to provide for his children, it is now undisputed that both contentions are untrue and that Miller perjured himself. (See Dkt. 173-3, p. 11 [Miller's Sworn Statement in 1995 that he was single]; Dkt. 172-5, p.1 [Order of Suspension effective 9/22/2007 for Duty of Support Under a Child Support Order].)

affected by the defendant's conduct in determining whether the punitive award is excessive. Further, there is no precedent finding that the type of conduct alleged in this case jeopardizes the health or safety of employees.

On the third issue, Defendants have not discovered any cases holding that race discrimination is more egregious than other forms of employment discrimination. Rather, race is listed alongside other protected, immutable characteristics in legal discussions of discrimination.

The Supreme Court has held that "[t]he existence of any one of these factors weighing in favor of a plaintiff may not be sufficient to sustain a punitive damages award; and the absence of all of them renders any award suspect." Campbell, 538 U.S. at 416 (2003). Thus, while the cases cited below may provide guidance, determining whether the punitive damages awarded in this case were excessive requires a fact-specific analysis. Given the findings and as also addressed in Defendants' Motion for a Remittitur of the Jury Verdict Pursuant to Fed. R. Civ. P. 59(e) ("Remittitur") (Dkt. No. 174), the Gore factors support a reduction in punitive damages. The evidence does not support finding that Defendants acted with reckless disregard for the health and safety of the Plaintiffs or other individuals. No physical harm was caused and Plaintiffs' allegations could not and did not cause any physical injuries. Additionally, race discrimination is not more egregious than other forms of discrimination. Thus, Plaintiffs' punitive damages should be reduced and Defendants' Remittitur should be granted.

## I. GARDEN VARIETY EMOTIONAL DISTRESS IS NOT CONSIDERED A PHYSICAL INJURY.

State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416 (2003) (Cited in Dkt. No. 174) –In holding that the punitive award to the plaintiffs was excessive, the Supreme Court noted that the plaintiffs were awarded compensation for their year and a half of emotional distress. Id. at 426. The Supreme Court categorized their emotional distress only as an economic damage: "[t]he harm arose from a transaction in the economic realm, not from some physical assault or trauma; there were no physical injuries . . ." Id. at 426.

The Supreme Court noted that emotional distress claims are encompassed in the compensatory damages: "Much of the distress was caused by the outrage and humiliation the Campbells [plaintiffs] suffered at the actions of their insurer; and it is a major role of punitive damages to condemn such conduct. Compensatory damages, however, already contain this punitive element." See Restatement (Second) of Torts §908, Comment c, p. 466 (1977) ("In many cases in which compensatory damages include an amount for emotional distress, such as humiliation or indignation aroused by the defendant's act, there is no clear line of demarcation between punishment and compensation and a verdict for a specified amount frequently includes elements of both.") Id. at 426.

Jones v. United Parcel Service, Inc., 674 F.3d 1187 (10th Cir. 2012) – The Court held that plaintiff's punitive award was excessive, where the plaintiff alleged discrimination and retaliatory discharge based on his disability under the Americans with Disabilities Act (ADA) and under Kansas law, and reduced the award to an amount

equal to the compensatory award. In doing so, the Court noted that the plaintiff suffered only economic damages: "[w]e are persuaded that Sloan's [Defendant's Agent] conduct resulted solely in economic injury to Jones [plaintiff] and that Sloan did not act with disregard for the health and safety of others." Id. at 1207.

Thomas v. iStar Fin., Inc., 652 F.3d 141 (2d Cir. 2010) – In determining that the punitive award against the employer was excessive where the plaintiff sued for discrimination based on race and for retaliation under Title VII and the New York City Human Rights Law, the Court noted that the harm was only economic even though the jury awarded the plaintiff damages for pain and suffering. Id. at 144, 148. The Court specifically noted that "[i]t is clear that iStar's [defendant] conduct did not result in physical injury to Thomas [plaintiff], nor did it evince an indifference to or reckless disregard for the health and safety of others." Id. at 148.

Zielinski v. SPS Tech. LLC, No. 10-3106, 2011 U.S. Dist. LEXIS 135187, at *30-32 (E.D. Pa. Nov. 22, 2011) (Case cited in Dkt. No. 174) - Despite testimony that management did not consider "dumb Pollack" or "nigger" to be discriminatory without an adverse employment action, a $500,000 punitive damages award shocked the Court. The Court reduced the punitive damages by the same percentage that it reduced the emotional distress award, holding that it was excessive and noting that "[t]he first two considerations militate decisively in favor of reducing the award, as Zielinski's harm was not physical and SPS did not disregard the health or safety of others." Id.

Paul v. Asbury Auto. Grp., No. 06-1603-KI, 2009 WL 188592, at *10-11 (D. Ore. Jan. 23, 2009) (Case cited in Dkt. No. 174) – In a case where the plaintiff alleged a

hostile work environment under § 1981 and Title VII, the Court reduced the punitive damages award in part because the "plaintiffs suffered no physical, economic or severe emotional harm. There was no evidence defendant acted with indifference to the health or safety of plaintiffs and there was no evidence of malice, trickery, or deceit."[2] Id. The employer had called the plaintiff and others "redneck[s]", "niggers," "half-black bastard," "half-black nigger," and "black ass faces." Id. at *13.

Kauffman v. Maxim Healthcare Serv., Inc., 509 F. Supp. 210, 217 (E.D. N.Y. 2007) - In determining that the punitive damages award of $1.5 million was excessive in an employee's § 1981 retaliation action against his employer, the Court noted that the employer's conduct did not cause physical harm and did not constitute a reckless disregard for the health and safety of others. 42 U.S.C. §1981. The plaintiff "endured sexist and racist remarks throughout his tenure with defendant. He was pressured by defendant to engage in illegal acts to perpetuate discriminatory employment practices designed to maintain defendant as a 'white-male-driven' company. He was berated, intimidated, and threatened . . . ." Id. at 216-217. Plaintiff was awarded $63,750.00 in emotional distress damages but these damages were not considered damages for physical harm. Id. at 213.

Major v. W. Home Ins. Co., 169 Cal. App. 4th 1197, 1223 (4th Dist. 2009), as modified on denial of rehg., (Jan. 30, 2009), rev. denied, (Apr. 22, 2009) – In a bad faith action claim by homeowners against the insurer, the Court held that emotional distress that warranted $450,000 in damages was not physical or personal harm. The Court

[2] In the case at bar, Plaintiffs pled a claim for Outrageous Conduct and Intentional Infliction of Emotional

found that Defendant's conduct resulted in "harm [that] was purely economic as there were no personal injuries suffered by the [plaintiffs]." Id. at 1207, 1223.

Chopra v. Gen. Elec. Co., 527 F. Supp. 2d 230, 245 (D. Conn. 2007) – In determining that a $10 million punitive damages award against the employer was excessive where the employee claimed retaliation based on the Age Discrimination in Employment Act (ADEA) and the Connecticut Fair Employment Practices Act (CFEPA), the Court found that the reprehensibility factor weighed against the plaintiff. The Court noted that "the evidence also supports a reduction in the punitive damages awarded since defendant's conduct involved no violence, and it did not imperil the health or safety of a broad scope of individuals." Id. Although the plaintiff was awarded $500,000 emotional distress damages, the Court did not find that the Plaintiff suffered any physical harm. Id.

Ariz. Dept. of Law, Civil Rights Div. v. ASARCO, LLC, 798 F.Supp. 2d 1023, 1048 (D. Ariz. 2011) – In determining whether the punitive award was excessive where a female employee sued her employer for sexual harassment under Title VII, the Court noted that the only physical harm caused to the plaintiff was the actual touching the plaintiff endured at work. Id.

## II. THE HEALTH AND SAFETY OF THE PLAINTIFF IS INCLUDED IN MOST COURTS' ANALYSIS, BUT THE CASES DO NOT SUPPORT THE CONCLUSION THAT THE TYPE OF CONDUCT AT ISSUE IN THIS CASE IMPLICATES "HEALTH AND SAFETY."

Paul v. Asbury Auto. Grp., No. 06-1603-KI, 2009 WL 188592, at *10-11 (D. Ore. Jan. 23, 2009) (Case cited in Dkt. No. 174) – In a case where the plaintiff alleged a

---

Distress, but that claim was dismissed. (Dkt. No. 92 p. 12.)

hostile work environment under § 1981 and Title VII, the Court reduced the punitive damages in part because the "plaintiffs suffered no physical, economic or severe emotional harm. There was no evidence defendant acted with indifference to the health or safety of plaintiffs and there was no evidence of malice, trickery, or deceit." Id.

Guidance Endodontics, LLC v. Dentsply Int'l, Inc., No. CIV-08-1101 JB/RLP (D.N.M. June 4, 2011) (Case cited in Dkt. No. 174) – In a breach of contract, false advertisement, trademark infringement, misappropriation, and trademark infringement case, the Court remitted the punitive damages in part because "[t]he harm caused is purely economic as opposed to physical; thus the defendants' conduct does not evince 'an indifference to the reckless disregard of the health and safety of others.'" Id.

Turner v. Firstar Bank, N.A., 363 Ill. App. 3d 1150, 1164 (5th Dist. 2006) – The Court remitted the punitive damages award of $500,000 against the lender, where the plaintiff alleged conversion of her vehicle by the lender. In making this finding, the Court noted that the Defendant's misconduct did not evince an indifference to or reckless disregard to the health or safety of the plaintiff. Id.

Boerner v. Brown & Williamson Tobacco Co., 394 F. 3d 594, 602-603 (8th Cir. 2005) - In assessing whether the tobacco company acted with reckless disregard for the health and safety of others, where the plaintiffs claimed design defects, the Court considered the harm caused to the plaintiffs but also focused on the harm caused to other consumer-smokers. It was the harm to others that led the Court to hold that the defendant's conduct was reprehensible meriting punitive damages. The Court noted: "Pall Mall cigarettes were extremely carcinogenic and extremely addictive –

substantially more so than other types of cigarettes; the sale of this defective product occurred repeatedly over the course of many years despite American Tobacco's knowledge that the product was dangerous to the user's health; and American Tobacco actively misled consumers about the health risks associated with smoking." Id.

Ariz. Dept. of Law, Civil Rights Div. v. ASARCO, LLC, 798 F. Supp. 2d 1023, 1048 (D. Ariz. 2011) – In determining whether the punitive award was excessive where a female employee sued her employer for sexual harassment under Title VII, the Court noted that the only physical harm caused to the plaintiff was the actual touching the plaintiff endured at work. In determining whether the defendant's conduct showed a reckless indifference to the health and safety of others, the Court focused on the plaintiff's health and safety. Id.

Chopra v. Gen. Elec. Co., 527 F. Supp. 2d 230, 245 (D. Conn. 2007) – In determining that a $10 million punitive damages award against the employer was excessive where the employee claimed retaliation based on Age Discrimination in Employment Act (ADEA) and the Connecticut Fair Employment Practices Act (CFEPA), the Court found that the reprehensibility factor weighed against the Plaintiff. The Court noted that "the evidence also supports a reduction in the punitive damages awarded since defendant's conduct involved no violence, and it did not imperil the health or safety of a broad scope of individuals. The punitive damages award will not serve to safeguard a large public from future danger stemming from the reprehensible conduct at issue." Id.

Kauffman v. Maxim Healthcare Serv., Inc., 509 F. Supp. 210, 217 (E.D. N.Y. 2007) - In determining that the punitive damages award of $1.5 million was excessive in an employee's § 1981 retaliation action against his employer, the Court noted that the employer's conduct did not cause physical harm and did not constitute a reckless disregard for the health and safety of others. Id. at 216-217.

Major v. W. Home Ins. Co., 169 Cal. App. 4th 1197, 1223 (4th Dist. 2009), as modified on denial of rehg., (Jan. 30, 2009), rev. denied, (Apr. 22, 2009) – In a bad faith action claim by homeowners against the insurer, the Court considered that defendant's conduct did not disregard the plaintiffs' health or safety in determining whether the punitive damages award was excessive. Id.

Goff v. Elmo Greer & Sons Const. Co., 297 S.W.3d 175, 193 (Tenn 2009), cert denied, 130 S. Ct. 1910, 176 L. Ed. 2d 367 (2010) – The Court found excessive an award of $1 million in punitive damages to a landowner who sued for nuisance against a highway construction company, which buried waste tires on the landowner's property. Id. The Court held that the award was excessive, in part, because the jury found that the tires did not constitute an environmental hazard and did not threaten the health or safety of any individuals. The Court noted, however, that the defendant was "willing to deliberately harm not only the [plaintiffs], but willing to place others potentially at risk by essentially creating an unauthorized landfill." Id.

Boken v. Philip Morris Inc., 127 Cal. App. 4th 1640, 1691 (2nd Dist. 2005), rev. denied (August 10, 2005) - In reviewing the punitive damages award for excessiveness against a tobacco company for failure to warn about the dangerousness of the cigarette

products and for misrepresentation, the Court noted that "Philip Morris's conduct was repeated over a period of almost 50 years with an indifference to the health or safety of [plaintiff] and others, and [plaintiff] was physically and psychologically vulnerable, and eventually, economically vulnerable." Id.

Hollis v. Stonington Dev., LLC, 394 S.C. 383, 398 (Ct. App. 2011) – In considering whether the punitive damages award was excessive where the landowners sued for negligence, trespass and nuisance against a developer, the Court considered that the defendant's conduct had not shown a reckless indifference to the health and safety of others. The Court noted that while the defendant's conduct "demonstrate[d] an indifference to the property rights of others, it did not evince an indifference to or reckless disregard for the health or safety of people . . . However, when evaluating the degree of a defendant's reprehensibility in a post-trial review of the award, the defendant's reprehensibility is not enhanced pursuant to this second consideration unless it involves the reckless disregard for the health or safety of people." Id.

## III. Race Discrimination Is Not More Egregious than Other Discrimination Prohibited by Title VII.

The Americans with Disabilities Act adopts Title VII's enforcement scheme and remedies. 42 U.S.C. § 12117(a). Congress elected not to set race apart from gender, disability, religion, color, or national origin in terms of available remedies. By contrast, age discrimination is set apart; the Age Discrimination in Employment Act allows only for the remedies permitted under the Fair Labor Standards Act, which does not include the "tortious" remedies permitted under Title VII and the ADA. Drase v. United States, 866 F. Supp. 1077, 1079-80 (N.D. Ill. 1994); 29 U.S.C. § 626(b).

Kennedy v. Villa St. Catherine's, Inc., 709 F. Supp. 2d 404, 408 (D. Md. 2010) – The court considered the viability of a religious harassment claim on summary judgment. The court cited to proposed federal regulations promulgated by the Equal Employment Opportunity Commission (later withdrawn for unrelated reasons), which stated, "[H]arassment based on race, color, religion, gender, age or disability is egregious and prohibited by Title VII. . . . [T]he Commission believes it important to reiterate and emphasize that harassment on any of the bases covered by the Federal antidiscrimination statutes is unlawful."

Swanner v. Anchorage Equal Rights Comm'n, 874 P. 2d 274, 289 (Alaska 1994) (dissent) – In discussing the federal prohibition on housing discrimination based on marital status, the dissent noted that race discrimination has been treated as more egregious than marital status discrimination.

Malladi v. Brown, 987 F. Supp. 893, 901 (M.D. Ala. 1997) – The court noted, in criticizing a plaintiff's attempt to invoke a "kitchen sink" approach to her discrimination claims, that "[t]he purpose of laws banning discrimination based on race, sex, nation [sic] origin, and disability is venerable: to eliminate and redress serious acts of discrimination suffered by employees, both public and private." The court did not set aside race, or any other protected characteristic, as more important or deserving of more protection, than any other characteristic protected by Title VII.

Mohgadam v. Morris, 87 F. Supp. 2d 1255, 1261 (N.D. Fla. 2000) (quoting Ferrill v. Parker Group, Inc., 168 F.3d 468, 473 (11th Cir. 1999)). With respect to Title VII and section 1981 claims, the court noted that although both statutes require proof of

intentional discrimination, "liability for intentional discrimination under section 1981 requires only that decisions be premised on race, not that decisions be motivated by invidious hostility or animus." It is nonsensical to declare race discrimination "more egregious" than other forms of discrimination protected by Title VII when a finding of race discrimination does not require proof that the actor was motivated by "racism."

## CONCLUSION

Based on the cases cited above and Defendants' previously filed Remittitur (Dkt. No. 174), Defendants respectfully submit that the Court must remit Plaintiffs' punitive damages and award Defendants such other relief as the Court deems proper.

Respectfully submitted this 30th day of November, 2012.

SHERMAN & Howard L.L.C.

s/ Emily F. Keimig

Emily F. Keimig
Brooke A. Colaizzi
633 17th Street, Suite 3000
Denver ,CO 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
E-mail: EKeimig@shermanhoward.com
BColaizzi@shermanhoward.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2012, I electronically filed the foregoing **DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S REQUEST FOR ADDITIONAL ANALYSIS ON PUNITIVE DAMAGES ISSUES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Attorneys for Plaintiffs at the following e-mail addresses:

Reid J. Elkus, Esq.
relkus@elkusandsisson.com

Donald C. Sisson, Esq.
dsisson@elkusandsisson.com

Scott McLeod, Esq.
smcleod@eklusandsisson.com

Linda M. Cote, Esq.
lcote@teamsterlocal455.org

/s/ Cheryl D. Witt