**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:11-cv-00542-REB-KLM

RICHARD PERKINS, and
RICHARD MILLER,

    Plaintiffs,

v.

FEDERAL FRUIT & PRODUCE COMPANY, INC., and
MICHAEL MARTELLI,

    Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF IN RESPONSE
TO THE COURT'S REQUEST FOR ADDITIONAL ANALYSIS ON PUNITIVE
DAMAGES ISSUES**

---

**INTRODUCTION**

Plaintiffs addressed matters beyond the scope of the Court's inquiries for which it ordered supplemental briefing. Defendants will respond to Plaintiffs' arguments to the extent they apply to the specific inquiries made by the Court.

**I.  THE CASE LAW DOES NOT CATEGORIZE "EMOTIONAL DISTRESS" AS PHYSICAL INJURY.**

As an initial matter, it is highly relevant that Plaintiffs introduced minimal evidence of even garden-variety emotional distress in this case. (See Dkt. No. 174 at pp. 12, 19.) They certainly did not introduce any evidence of physical symptoms or maladies resulting from emotional distress. Case law in the employment arena treats "garden-

variety" emotional distress differently than "severe emotional distress" or emotional distress manifesting in physical symptoms or illness.  See, e.g., Baker v. Echostar Communs. Corp., No. 06-cv-01103-PSF-BNB, 2007 U.S. Dist. LEXIS 89111, at * 38-39 (D. Colo. Dec. 4, 2007) (holding in employment harassment case that a plaintiff's motion in limine to prevent defendant from introducing medical records detailing the plaintiff's psychological state of mind on the grounds that she was claiming damages only for "garden variety" emotional distress constituted a judicial admission that she was not claiming "severe emotional distress," thereby necessitating dismissal of her outrageous conduct claim, which requires proof of "severe emotional distress").  Plaintiffs alleged garden variety emotional distress and, coupled with the minimal (and largely untruthful) evidence they presented to support these claims, they cannot sustain any argument that their emotional distress constituted physical injury.

Plaintiffs' reliance on the Supreme Court of Utah's decision in Campbell v. State Farm Mut. Auto. Ins. Co., 98 P.3d 409 (Utah 2004), is misplaced.  That decision is a state-court interpretation on remand of the United States' Supreme Court decision in State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 416 (2003).  It is the Supreme Court of the United States' decision, not the Supreme Court of Utah's decision, that is binding on this Court.  The United States Supreme Court's decision, and the Tenth Circuit's decision in Jones v. United Parcel Service, Inc., 674 F.3d 1187 (10th Cir. 2012) represent binding authority on this Court with respect to the Gore factors.

Plaintiffs do not identify, and Defendants have not located, any case law holding that any damages that are not economic are, by default, "physical." Defendants cited several cases involving emotional distress damages in which the courts still found that the plaintiffs' injuries were economic, not physical. (Dkt. No. 188 at pp.4-7.) Even if emotional distress is considered non-economic, the case law does not require that it be considered "physical injury." As noted above, courts in employment cases have drawn a clear line between "physical" emotional distress and "garden variety" emotional distress. Also, the Internal Revenue Code does not treat emotional distress like physical injury for purposes of tax treatment unless that emotional distress results in personal physical injury or physical sickness. IRC § 104(a); see 26 C.F.R. § 1.104-1 ("Emotional distress is not considered a physical injury or sickness."). Plaintiffs identify several statutes and cases that describe emotional distress damages as being "nonpecuniary" or "noneconomic." (See Response at pp. 4-6.)[1] However, none of these statutes or cases defines emotional distress as "physical."[2] Notably, Plaintiffs did not address any of the cases Defendants cited in their opening supplemental brief that clearly held that, for purposes of punitive damages and the Gore guidepost, emotional distress was an economic injury. Plaintiffs identify cases that affirm emotional distress awards, not that find emotional distress to be a physical injury. (See Dkt. No. 189 at p. 10.)

---

[1] Giampapa v. Am. Family Mutual Insurance Company, 64 P.3d 230 (Colo. 2003) discusses recovery of emotional distress damages in breach of contract claims. 64 P.3d at 241-42.

[2] In Pringle v. Valdez, 171 P.3d 624, 629 (Colo. 2007), the Colorado Supreme Court did not hold that emotional distress damages were "physical." Rather, the Court recited that history and interpretation of the phrase "pain and suffering" to determine that the use of that phrase in Colorado's seatbelt defense provision included emotional, as well as physical, injuries.

Plaintiffs did not provide any evidence of any physical illness or injury either causing or resulting from emotional distress. The case law does not support Plaintiffs' argument that their minimally-supported, garden-variety emotional distress can or should be categorized as physical injury.

II. **THE HEALTH AND SAFETY FACTOR IS IRRELEVANT IN THIS CASE.**

The cases Defendants cited on this issue in their opening supplemental brief show that the "health and safety" guidepost in Gore can encompass the health and safety for both the plaintiff and third parties. Plaintiffs do not provide any additional case law or analysis on this issue. This factor is largely irrelevant in this case, in any event, because there is no evidence in the record that Defendants' conduct posed a threat to the health or safety of Plaintiffs or of third parties.

III. **RACIAL DISCRIMINATION IS NO MORE EGREGIOUS THAN OTHER FORMS OF DISCRIMINATION BASED ON IMMUTABLE CHARACTERISTICS.**

This case is an employment discrimination case. In the employment arena, all protected classes are treated equally in terms of procedure, violations, and remedy. Race is not singled out as being a class enjoying more protection than sex, religion, national origin, etc. The Newman case cited by Plaintiffs states that Title VII policy is "of the highest priority," but it does not single out race as implicating that policy at a higher level than any of the other protected classes. 390 U.S. at 402. Plaintiffs' reliance on the differences between Title VII and 42 U.S.C. § 1981 is misplaced. Section 1981 was originally drafted in 1866, immediately after the Civil War, to address the institution of slavery. Long v. Ford Motor Co., 496 F.2d 500, 504 (6th Cir. 1974). It applies to all

4

contracts, not just employment. Rivers v. Roadway Express, 511 U.S. 298, 304 (1994). Courts began applying the statute in earnest to employment discrimination claims more than 100 years after the statute was passed. See Long, 496 F.2d at 503 n.4.) Title VII, by contrast, specifically applies to all forms of employment discrimination. Had Congress wanted to single out race discrimination as "more egregious" or more deserving of higher damage awards, it could have done so in crafting Title VII's procedures and remedies. Notably, courts analyze Section 1981 employment claims in the same manner they analyze Title VII claims. Baca v. Sklar, 398 F.3d 1210, 1218 (10th Cir. 2005). Moreover, the standard a plaintiff must meet to receive punitive damages under § 1981 is essentially the same standard applicable in Title VII cases. See Hampton v. Dillard Dep't Stores, 247 F.3d 1091, 1115 (10th Cir. 2001) (standard applicable to punitive damages request in § 1981 case is whether defendant's actions were "malicious, willful, and in gross disregard of plaintiff's rights"); 42 U.S.C. §1981a (punitive damages available in Title VII case if plaintiff proves defendant acted "with malice or with reckless indifference to the federally protected rights of an aggrieved individual"). Plaintiffs have not identified a single case that has justified a punitive damages award on the grounds that race discrimination is more egregious than other forms of discrimination based on immutable characteristics.

## **CONCLUSION**

Based on Defendants' post-trial motions and the supplemental briefing, Defendants respectfully submit that the Court must remit Plaintiffs' punitive damages and award Defendants such other relief as the Court deems proper.

Respectfully submitted this 17th day of December, 2012.

        SHERMAN & Howard L.L.C.

    s/ Emily F. Keimig
    Emily F. Keimig
    Brooke A. Colaizzi
    Karla E. Sanchez
    633 17th Street, Suite 3000
    Denver, CO 80202
    Telephone:  (303) 297-2900
    Facsimile:   (303) 298-0940
    E-mail:  EKeimig@shermanhoward.com
            BColaizzi@shermanhoward.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December, 2012, I electronically filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S REQUEST FOR ADDITIONAL ANALYSIS ON PUNITIVE DAMAGES ISSUES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Attorneys for Plaintiffs at the following e-mail addresses:

Reid J. Elkus, Esq.
relkus@elkusandsisson.com

Donald C. Sisson, Esq.
dsisson@elkusandsisson.com

Scott McLeod, Esq.
smcleod@eklusandsisson.com

Linda M. Cote, Esq.
lcote@teamsterlocal455.org

/s/ Cheryl D. Witt