UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**RICHARD PERKINS and**
**RICHARD MILLER**,
    Plaintiffs,

vs.                                                  No. 11 CV 542 JAP/KBM

**FEDERAL FRUIT & PRODUCE COMPANY, INC. and**
**MICHAEL MARTELLI**,
    Defendants.

**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO CORRECT AND/OR AMEND JUDGMENT TO CONFORM TO THE COURT'S POST-TRIAL ORDERS**

In PLAINTIFFS' MOTION TO CORRECT AND/OR AMEND JUDGMENT TO CONFORM TO THE COURT'S POST–TRIAL ORDERS (Doc. No. 211) (Motion), Plaintiffs Richard Perkins (Perkins) and Richard Miller (Miller) ask the Court to amend the AMENDED JUDGMENT (Doc. No. 196) to include the jury's findings of liability on Perkins' disparate treatment claim and to mention that his damages for lost wages and benefits and his retaliation claims will be retried. Defendants Federal Fruit & Produce Company, Inc. (FFP) and Michael Martelli (Martelli) oppose the amendment. *See* DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CORRECT AND/OR AMEND JUDGMENT TO CONFORM TO THE COURT'S POST-TRIAL ORDERS (Doc. No. 213) (Response); *see also* PLAINTIFFS' REPLY RE: MOTION TO CORRECT AND/OR AMEND JUDGMENT TO CONFORM TO THE COURT'S POST-TRIAL ORDERS (Doc. No. 217).

Perkins and Miller prevailed on all of their claims in a jury trial held May 16-25, 2012. Perkins asserted claims against FFP and Martelli for (1) disparate treatment based on race; (2) unlawful discharge due to race; and (3) retaliatory discharge. Miller asserted claims against FFP

and Martelli for retaliatory discharge.  After trial, Defendants filed several post-trial motions.  The Court ruled on the post-trial motions, and the Amended Judgment was entered on May 14, 2013.  In one of its post-trial rulings, MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION FOR REMITTITUR (Doc. No. 195) (Remittitur Opinion), the Court granted remittitur of punitive damages on Plaintiff Perkins' claims of disparate treatment against FFP and Martelli.  In the Remittitur Opinion the Court ruled that if Perkins rejected the remittitur, the Court would hold a new trial on damages, both compensatory and punitive, on Perkins' disparate treatment claims. (*Id.* at 17.)  Within the deadline set by the Remittitur Opinion, Perkins rejected the remittitur and opted to have a new trial on damages for his disparate treatment claims against FFP and Martelli. *See* PLAINTIFFS' RESPONSE TO COURT'S ORDER FOR REMITTITUR (Doc. No. 197) (Perkins' Rejection of Remittitur).

In the Motion, Plaintiffs assert that the current AMENDED JUDGMENT (Doc. No. 196) appears "inconsistent with the totality of the Court's post-trial orders affecting the partial judgment." (Mot. 2.)  The Court recognized this possibility in the Remittitur Opinion by stating, "[t]he Court will enter . . . a Second Amended Judgment after Perkins indicates whether he will accept remittitur or opt for a new trial on damages." (Remit. Op. at 3.)  Plaintiffs correctly assert that after the Court's entry of the Remittitur Opinion and after Perkins' Rejection of Remittitur, the Amended Judgment is incomplete because it omits the jury's finding of liability on Perkins' disparate treatment claims against FFP and against Martelli. However, the Court will not include Perkins' additional two requests for amendment.

I. Standard of Review

Under Fed. R. Civ. P. 59(e), "[t]he court may, on motion, grant a new trial on all or some of the issues--and to any party--. . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]"  A motion under Rule 59(e) must be filed on or before 28 days after entry of the judgment.  Under Fed. R. Civ. P. 60(b), however, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise or excusable neglect; . . . or (6) any other reason that justifies relief."  A motion under Rule 60 (b)(1) must be filed on or before one year after the entry of the judgment or within a "reasonable time" under Rule 60(b)(6).  Fed. R. Civ. P. 60 (c).  The Motion was filed more than 28 days after the entry of the Amended Judgment; therefore, Rule 60(b) will provide the standard for ruling on the Motion.  *See Hatfield v. Board of County Com'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995) (stating that motions to amend judgment filed after the Rule 59 deadline should be considered under Rule 60).

II. Discussion

Plaintiffs assert that the Amended Judgment should be amended to include three additional findings: (1) that the jury ruled in favor of Perkins on Perkins' disparate treatment claims against FFP and against Martelli; (2) that the amount of Perkins' lost wages and benefits will be determined at a new trial on Perkins' unlawful discharge claims; and (3) that liability, as well as compensatory and punitive damages on Perkins' claims of retaliation against Martelli will be determined at a new trial. (Mot. at 1-2.)

However, only the first of Plaintiffs' three requested findings will be incorporated into a Second Amended Judgment.  The second requested finding, that the amount of lost wages and

benefits will be determined at a new trial, is unnecessary. The Court ordered a new trial on these damages because Perkins' expert, Dr. Patricia Pacey, was given information about when Perkins began to work for GT Express after he was terminated from his employment at FFP that conflicted with Perkins' trial testimony, particularly the dates when Perkins began part-time and full-time employment with GT Express. Therefore, the jury awarded these damages based on speculation.  At a new trial, however, the jury may determine that Perkins is not entitled to lost wages and benefits or that the amount of the damages has not been proven.  A finding in an amended judgment that the jury will determine only the amount of lost wages and benefits would cause confusion because not only the amount but also the availability of those damages will be at issue in a new trial. Moreover, Perkins must prove the amount of these damages within a reasonable amount of certainty, and if he does not, the jury may decline to award any amount of lost wages and benefits.  If at a new trial Perkins meets this burden, the amount of lost wages and benefits awarded by the jury will be incorporated into another amended judgment.

Similarly, the third requested finding, that liability and damages for Perkins' retaliation claim against Martelli will be determined at a new trial, is not necessary and should not be part of the Second Amended Judgment.  A judgment is a "decree and any order from which appeal lies." Fed. R. Civ. P. 54(a).  "A judgment must be a self-contained document, saying who has won and what relief has been awarded[.] . . ." *Taumoepeau v. Mfrs. & Traders Co. (In re Taumoepeau)*, 523 F.3d 1213, 1217 n. 4 (10th Cir. 2008) (internal quotation and citation omitted). There is no need to include this information in the Second Amended Judgment because it has not been determined yet whether Perkins will prevail on his retaliation claim against Martelli.

5

IT IS ORDERED that PLAINTIFFS' MOTION TO CORRECT AND/OR AMEND JUDGMENT TO CONFORM TO THE COURT'S POST–TRIAL ORDERS (Doc. No. 211) is granted in part and denied in part, and a Second Amended Judgment will be entered accordingly.

Entered on November 12, 2013.

_____
SENIOR UNITED STATES DISTRICT JUDGE