# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**RICHARD PERKINS and**
**RICHARD MILLER**,
     Plaintiffs,

vs.                                                        No. 11 CV 542 JAP/KBM

**FEDERAL FRUIT & PRODUCE COMPANY, INC. and**
**MICHAEL MARTELLI**,
     Defendants.

## MEMORANDUM OPINION AND ORDER

## ON DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO AMEND COMPLAINT

At the conclusion of a jury trial that began on May 16, 2012 and extended through May 25, 2012, the jury returned a verdict in favor of Plaintiffs on all of their employment discrimination and retaliation claims against Defendants. This included Plaintiff Richard Perkins' (Perkins) retaliatory discharge claim against Defendant Michael Martelli (Martelli) on which the jury awarded Perkins $76,697 for compensatory damages and $150,000 punitive damages. The Court granted Defendant Martelli's post-trial motion for a new trial on Perkins' retaliatory discharge claim against Martelli. *See* MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION AND TO VACATE TRIAL AND JUDGMENT AND/OR FOR A NEW TRIAL (Doc. No. 194).

During his trial testimony, Perkins recanted several significant allegations contained in his AMENDED COMPLAINT AND JURY DEMAND (Doc. No. 7) (Amended Complaint) that were based on Perkins' charge filed with the Equal Employment Opportunity Commission (EEOC). While recanting some allegations Perkins, for the first time during his trial testimony, added a startling new allegation. Most notably, Perkins testified that he prepared and filed a

grievance with his union about a verbal altercation between Perkins and Martelli in which Martelli called Perkins a "nigger." Importantly, Union representative Jesse Medina testified that the grievance was sent to the FFP office.  This grievance was crucial to Perkins' claim that Martelli, having received the grievance from the union, agreed to fire Perkins in retaliation for Perkins' submission of the grievance.

On October 4, 2013, both Defendants filed a motion seeking an order requiring Plaintiff Perkins to file an amended complaint setting forth "clear, specific allegations as to the factual basis of Perkins' retaliation claim against Martelli." *See* DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO AMEND COMPLAINT (Doc. No. 209) (Motion) at 6.  Although the title of the Motion and its introductory paragraph state that both Defendants ask both Plaintiffs to file an amended complaint, it is clear from the body of the Motion that the only requested amendment is clarification of Plaintiff Perkins' retaliatory discharge claim against Defendant Martelli. Plaintiffs responded to the Motion by simply arguing that an amended complaint is unnecessary because Martelli already knows "the precise nature of the underlying facts supporting Mr. Perkins' retaliation claim against Defendant Martelli . . . ."  PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO AMEND COMPLAINT (Doc. No. 215) at 3.

The Court agrees with Defendant Martelli that Plaintiff Perkins should, before retrial, state specifically and in detail the evidentiary basis of his retaliatory discharge claim against Martelli because of surprise and confusion that resulted from Perkins' testimony at trial.  Martelli specifically asked the Court to order Perkins to clearly articulate the protected activity that Perkins will assert as the basis for his retaliatory discharge claim against Martelli.

Protected activity is the linchpin of a claim of retaliatory discharge. In *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 989 (10th Cir. 2011), the Tenth Circuit outlined the requirements for a claim by an employee that his employer discharged him in retaliation for an employee's legally protected activity. A claimant must prove that (1) he engaged in protected activity; (2) he suffered adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action. *Id.* To prove the third element, a claimant must prove that the person who took the adverse action knew of the protected activity. *Montes v. Vail Clinic, Inc.,* 497 F.3d 1160, 1176 (10th Cir. 2007). Prior to the retrial, as to each claimed protected activity Perkins should summarize the evidence he will present, including the dates and places of, the persons involved with, and the form and substance of statements made during the protected activity, along with identifying relevant exhibits.

It is within the sound discretion of the trial court to manage cases, and trial judges have broad latitude in deciding how best to do so. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (recognizing trial court's power to achieve the orderly and expeditious disposition of cases); *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993) (stating, "[d]istrict courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties), and their decisions are reviewed only for abuse of discretion."). The Court believes that instead of requiring another amended complaint, the better approach is to have Perkins file, as part of a new proposed pretrial order that will govern the retrial, a detailed statement of the facts in support of his retaliatory discharge claim against Martelli. Hence, the Court will order Perkins to file by December 20, 2013—consistent with Fed. R. Civ. P. 11—such a new statement of facts supporting his retaliatory discharge claim. And, the Court will order Martelli, in turn, to file by January 6, 2014, his defense, with

supporting facts, to Perkins' restated claim.  These will be incorporated into a complete new

pretrial order at a later date.

IT IS ORDERED that DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO

AMEND COMPLAINT (Doc. No. 209) is granted in part and denied in part as stated above.

Entered on December 2, 2013.

SENIOR UNITED STATES DISTRICT JUDGE