## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**RICHARD PERKINS and**
**RICHARD MILLER,**
    **Plaintiffs,**

**vs.**                                                                  **No. 11 CV 542 JAP/KBM**

**FEDERAL FRUIT & PRODUCE COMPANY, INC. and**
**MICHAEL MARTELLI,**
    **Defendants.**

### ORDER REGARDING PROPOSED PRETRIAL ORDER AND DENYING MOTION TO DISMISS WITHOUT PREJUDICE

After a jury trial and post-trial rulings, the Court will conduct a retrial of certain claims. In an effort to define the evidence to be offered at the retrial, the Court ordered Plaintiff Richard Perkins (Perkins) to submit his part of a proposed pretrial order that will govern the retrial of Perkins' retaliatory discharge claim against Defendant Michael Martelli (Martelli). *See* MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION TO REQUIRE PLAINTIFFS TO AMEND COMPLAINT (Doc. No. 223) (Order). The Court required Perkins to "state specifically and in detail the evidentiary basis of his retaliatory discharge claim against Martelli because of surprise and confusion that resulted from Perkins' testimony at trial." (*Id.* 2.) To that end, the Court asked Perkins to file, as part of a proposed pretrial order, a summary of "the evidence he will present, including the dates and places of, the persons involved with, and the form and substance of statements made during the protected activity, along with identifying relevant exhibits." (*Id.* 3.) The Court also ordered Defendant Michael Martelli (Martelli) to file his part of a proposed pretrial order in response, outlining "his defense with supporting facts, to

Perkins' restated claim" which would be "incorporated into a complete new pretrial order at a later date." (*Id.* 3-4.)

In response to the Order, Perkins filed PLAINTIFFS' PROPOSED PRETRIAL ORDER REGARDING PLAINTIFF RICHARD PERKINS' RETALIATORY DISCHARGE CLAIM AGAINST DEFENDANT MICHAEL MARTELLI (Doc. No. 226) (Perkins' Proposed PTO). Perkins outlined in eight paragraphs a description of events including statements made by Martelli and other trial witnesses, which Perkins contends "were testified [sic] at the first trial and it is presumed that the witnesses will testify to the same at the second trial." (*Id.* 2-3.)

In response, on January 6, 2014, Defendants filed DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR JUDGMENT ON THE PLEADINGS, ON PLAINTIFFS RICHARD PERKINS' RETALIATION CLAIM AGAINST DEFENDANT MICHAEL MARTELLI (Doc. No. 227) (Motion to Dismiss). Defendants contend that the Perkins' Proposed PTO not only fails to fulfill the directives of the Order but also demonstrates that Perkins has failed to state a retaliation claim against Martelli. Defendants assert that as a consequence, this claim should be dismissed.

Defendants point out that Perkins failed to cite to any part of the trial transcript to support Perkins' assertion that the facts "were testified [sic] at the first trial and it is presumed that the witnesses will testify to the same at the second trial." The primary purpose of the Order's directive was to have Perkins describe, in detail, how Perkins would prove, at a retrial, that when Martelli approved of the decision to fire Perkins, Martelli was unlawfully retaliating against Perkins for Perkins' protected activities. It bears repeating that in order to prove that Martelli unlawfully agreed to fire Perkins in retaliation for protected activity Perkins must prove that

(1) Perkins engaged in protected activity; (2) Martelli knew about Perkins' protected activity; and (3) Martelli approved of Perkins' discharge from employment in retaliation for Perkins' protected activity. *See Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 989 (10th Cir. 2011).

In Perkins' Proposed PTO, after describing an incident on March 11, 2009, Perkins alleged as protected activity that he "grieved the conduct of Martelli." Martelli's conduct consisted of a verbal altercation between Martelli and Perkins on March 11, 2009 during which Martelli allegedly called Perkins a "nigger." That Perkins "grieved the conduct of Martelli" was proven at trial by Perkins' and another witness's surprise trial testimony about a "grievance" that apparently is not supported by documentary evidence. The general statement that Perkins "grieved the conduct of Martelli" is not sufficiently detailed and lacks necessary information about what evidence Perkins will present, including "the dates and places of, the persons involved with, and the form and substance of statements made during th[is] protected activity," as required by the Order. Perkins further asserts in Perkins' Proposed PTO, that Jesse Medina, the union business agent at FFP, testified at trial and would presumably testify at a retrial that the grievance complaining of Martelli's use of the awful racial epithet "was sent to Federal Fruit and Produce by the union and which grievance was ultimately received by the company." Perkins did not cite to the trial transcript or to any exhibits that would support an inference that this alleged grievance was received by the company, much less that Martelli personally knew of this grievance. As for the reason a record of this union grievance is missing, Perkins asserts "Mr. Medina testified that the union withdrew the grievance stemming from the March 11, 2009 event; however, the withdrawal of that grievance did not occur until well after Mr. Perkins was already terminated from the company." Again, Perkins did not cite to the trial transcript to show support for this statement. Nor did Perkins describe evidence that Perkins will present at retrial

that Martelli knew Perkins had submitted the grievance to the union and fired Perkins because of the grievance.

Perkins also described another protected activity that occurred on April 14, 2009: "Perkins wrote a letter and hand-delivered it to Stan Kuba [sic], President and majority owner of Federal Fruit, stating that he felt he was being discriminated against based on his race and retaliated against for complaining about race discrimination." As with the March 11, 2009 grievance, Perkins failed to outline how he would prove at retrial that Martelli knew about this letter and fired Perkins for submitting the letter.

Next, Perkins described as a protected activity that on May 4, 2009, he ". . . filed another grievance with his union for retaliation based on complaints of race discrimination." Again, Perkins provided no information as to how Perkins plans to prove Martelli knew of this grievance.

Finally, Perkins asserts, "[o]n May 12, 2009, approximately one week after he filed the grievance, and less than two (2) months from when Mr. Perkins grieved the Martelli incident from March 11, 2009, Mr. Perkins was terminated." Although not stated, Perkins apparently will argue that because of the close temporal proximity – between Perkins' complaints to the union plus the letter to Stan Kouba and the date Perkins was fired -- a jury can reasonably infer that Martelli was aware of the Perkins' grievance and letter and approved of the decision to fire Perkins in retaliation for those actions.

Perkins' Proposed PTO fails to conform to the Court's specific requests in the Order. However, instead of dismissing Perkins' retaliation claim against Martelli, as Defendants ask, the

4

Court will offer Perkins another opportunity to present a sufficiently detailed proposed pretrial order.

Perkins must file a proposed pretrial order that describes, in detail, the evidence that he will present at the retrial. In regard to testimony or exhibits presented at the first trial, Perkins must include citations to the trial transcript and identify supporting exhibits. The evidence must be described under three sections: (1) evidence, both testamentary and documentary, of the specific protected activities in which Perkins engaged; (2) evidence, both testamentary and documentary, of Martelli's knowledge about Perkins' protected activities; and (3) evidence, both testamentary and documentary, showing that Martelli approved of Perkins' discharge from employment based on Perkins' protected activity. Perkins may, of course, explain the reasonable inferences a jury may draw from the evidence.

The Court will allow Perkins to present another proposed pretrial order on Perkins' retaliation claim against Martelli under the Court's authority to manage cases and under its broad latitude in deciding how to proceed with the retrial of this case. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). The Court will deny Defendants' Motion without prejudice. After the additional discovery permitted by the Magistrate Judge's ORDER (Doc. No. 228) is completed, the Court will hold a status conference and schedule the retrial.

IT IS ORDERED that:

1. DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR JUDGMENT ON THE PLEADINGS, ON PLAINTIFFS RICHARD PERKINS' RETALIATION CLAIM AGAINST DEFENDANT MICHAEL MARTELLI (Doc. No. 227) is denied without prejudice;

2. Perkins must file a proposed pretrial order, as required above, by January 20, 2014, and Perkins' proposed pretrial order on his retaliation claim against Martelli will be incorporated into a new pretrial order governing the retrial; and

3. Defendants must file by January 31, 2014 Martelli's part of a proposed pretrial order regarding Perkins' retaliatory discharge claim against Martelli, which will be incorporated into a new pretrial order governing retrial.

*James A. Parker*

SENIOR UNITED STATES DISTRICT JUDGE