IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kristen L. Mix**

Civil Action No. 11-cv-00542-JAP-KLM

RICHARD PERKINS, individually, and
RICHARD MILLER, individually,

    Plaintiffs,

v.

FEDERAL FRUIT & PRODUCE COMPANY, INC., a Colorado corporation, and
MICHAEL MARTELLI, individually,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on Defendants' **Second Motion for Additional Discovery** (the "Motion"), which relates to the deposition of Plaintiff Richard Perkins' former attorney, Paula Griesen. The Court held a hearing on the Motion on April 7, 2014. Prior to the hearing, Ms. Griesen's attorney sent an email to my chambers attaching a written response to the Motion and a copy of the transcript of Ms. Griesen's deposition, which was conducted on March 12, 2014. Plaintiffs also sent an email to my chambers attaching their written Response to the Motion and another copy of Ms. Greisen's deposition.

### A. *Final* Warning Regarding Discovery Procedures

My discovery dispute procedures do not allow the filing of contested discovery motions. Instead, I handle discovery disputes by telephone hearings, and order briefing when I think it is necessary. Defendants worked around my procedures by sending their

1

written Motion to my chambers via email instead of filing it on the docket, which apparently led both Ms. Greisen and Plaintiffs to follow suit. As a result, none of the pleadings relating to this dispute are on the electronic docket in this case.[1]

The purpose of my telephone discovery hearing procedures is to save time, money and resources. Discovery hearings are set as soon as counsel and I are available after it is clear that the dispute cannot be resolved by conferral among the attorneys under D.C. COLO.LCivR 7.1(a). The 35-day wait for briefing, built into the Federal Rules of Civil Procedure and Local Rules of this Court (i.e., filing of motion, response due 21 days after filing of motion, reply due 14 days after filing of response)[2], is therefore avoided. If my discovery dispute procedures are used properly, the parties can obtain a ruling on their discovery dispute a very short time after it arises. Also, the expense of briefing is avoided. Finally, I like to think that my procedure helps attorneys to remain sharp and focused oral advocates for their clients.

Hence my dismay when my procedures are not followed. Failure to follow the procedures leads to wastes of time, resources, and money. In this case, the transgression was particularly egregious, because Ms. Greisen's attorney and Plaintiffs' attorney emailed their unsolicited briefs and exhibits to the Court at 1:11 p.m. and 2:22 p.m. on the Friday afternoon before the hearing, which was scheduled for 9:00 a.m. the following Monday. Ms. Greisen's papers were a total of four single-spaced pages (a violation of the Local

---

[1] Defendants' Second Motion for Additional Discovery is attached to this Order as Exhibit A. Plaintiffs' Response to Defendants' Second Motion for Additional Discovery is attached as Exhibit B. Greisen's Response to Defendants' Second Motion for Additional Discovery is attached as Exhibit C.

[2] *See* D.C.COLO.LCivR 7.1(d).

Rules; all pleadings are to be double-spaced[3]) plus 44 deposition transcript pages. Plaintiffs' pleadings were seven double-spaced pages plus 44 deposition transcript pages. In sum, instead of making their arguments orally at the hearing on Monday morning, counsel spent unnecessary time drafting unwanted pleadings which the Court could not review before the hearing, thus delaying a ruling. Moreover, my inability to read the pleadings before the hearing and the consequent need to delay a ruling manifested the drafting of a written Order instead of issuing a succinct oral ruling. The waste of time, money and resources is obvious.

Why do I bother to read unwanted pleadings? The answer is simple: because counsel tend to rely on them, and if I don't, I may miss something important to their position. If I miss something, what should have been an efficiently-handled discovery motion becomes a problem for the District Judge, who already has too much to do. I like to avoid creating problems for the District Judge. So, although I admit to having been tempted to thwart the lawyers' efforts to by-pass my procedures by ignoring their unwanted pleadings, I read them in this instance. And despite the fact that I read them, in light of the contentiousness that has been the hallmark of this case since its inception, the likelihood of an objection to my ruling is high. Therefore, it is prudent that the District Judge have access to the parties' pleadings as well. For that reason, as stated above in footnote 1, I have attached them as Exhibits A (Defendants' Motion), B (Plaintiffs' Response) and C (Greisen's Response) to this Order.

Because I am forced to issue a written order on a matter that should have been

---

[3] *See* D.C.COLO.LCivR 10.1(e).

resolved several weeks ago at the scheduled hearing, I am taking advantage of this "opportunity" to issue my final warning.  This will be the last warning to counsel in this case, and will hopefully serve as fair warning to counsel in other civil cases assigned to me.  **I do not want you to brief discovery motions unless I specifically ask you to do so.**  You are not avoiding my ban on discovery motions by emailing them to my chambers instead of filing them electronically. (I do not want them on the docket; I do not want them in my in-box.)  You must resist the urge to spend time, money and energy briefing legal issues that can be handled without briefing.  You must step away from the computer and step up to the podium.  Embrace the opportunity to enhance your oral advocacy skills.  Failure to do so will, of course, add insult to injury.  The injury will be the waste of time, money and resources experienced by all.  The insult will be the imposition of sanctions for failure to follow my discovery procedures.[4]

### B.  Analysis

Plaintiffs brought employment discrimination and retaliation claims against their former employer, Federal Fruit and Produce Company, Inc., and one of its owners, Michael Martelli.  After entry of jury verdicts in favor of Plaintiffs, the District Judge granted Defendants' motion for new trial as to Mr. Perkins' retaliatory discharge claim against Mr. Martelli, among other claims. [#194].  Defendants subsequently sought post-trial discovery relating to new evidence presented by Plaintiffs at trial.  By Order dated January 6, 2014, I permitted Defendants to take no more than one hour of deposition testimony from

---

[4] For the record, my discovery dispute procedures are covered in detail in the scheduling conference held in every civil case, and are also explained in writing in my practice standards, available on the Court's website (www.cod.uscourts.gov).

Plaintiffs' former attorney, Paula Greisen, regarding Mr. Perkins' "alleged 'nigger' grievance" and the content, drafting and execution of Mr. Perkins' EEOC charge of discrimination. [#228] at 6, 9.

Defendants then served a subpoena duces tecum on Ms. Greisen for documents in her client file. Plaintiffs moved to quash the subpoena on the grounds that my previous Order did not authorize service of the subpoena. I granted the motion to quash in part, holding however that defense counsel was not precluded from "obtaining documents reviewed by Ms. Greisen in preparation for her deposition." [#235].

Defense counsel contacted Ms. Greisen by email prior to the deposition, providing her with a copy of the Court's Order. In a responsive email, Ms. Greisen wrote: "Once I've had a chance to review this and the file, I will get back to you." *Exh. A at Exh. 1*, p. 13, ll. 14-16. Ms. Greisen's deposition was taken by defense counsel on March 12, 2014. Despite the earlier email, Ms. Greisen testified that she had not reviewed her file prior to the deposition, so she didn't "specifically have an independent recollection of what's in the file." *Exh. A at Exh. 1,* p.8, ll. 21-24. She further indicated that her "notes would be part of the file," and that "copies of some of [Mr. Perkins'] grievances" would likely be in the file. She testified that she was aware that she did not have copies of all of Mr. Perkins' grievances, but that she had been "informed that they existed . . . by Mr. Perkins and by, I believe, [union representative] Jesse Medina as well." She stated that she recalled "asking Mr. Medina for copies of them and we never got them." *Exh. A at Exh. 1*, pp.15-16, ll. 8-15. When asked whether her file would have a record of her request to Mr. Medina, she stated that she did not know, but she might be able to ascertain that if she looked at her file. *Id.* at p. 16, ll. 13-15. Also, when asked whether her file would "indicate the dates

and substances of the conversations [she] had with Mr. Perkins in conjunction with [ ] drafting the EEOC charge," she responded, "There may be information in the file and in the time records with respect to that." *Id.* at p. 19, ll. 14-19.  When asked whether she asked Mr. Perkins to review the EEOC charge for accuracy before she filed it, the following colloquy occurred:

> Q: Did you ask Mr. Perkins to review the EEOC charge for accuracy before you filed it?
>
> A: I don't have an independent recollection of whether myself or Ms. Kelliher did that.
>
> Q. Is it your practice to do so?
>
> A. Yes.
>
> Q. Would your file indicate whether that request was made of Mr. Perkins?
>
> A. Not necessarily.
>
> Q. Possibly?
>
> A. I haven't reviewed the file, so I just don't know.

*Id.* at p. 20, ll.11-22.

The deposition transcript repeatedly reflects Ms. Greisen's inability to answer many questions relating to the topics identified in my previous Order because of her conscious decision not to review her file in advance of the deposition.  The Court does not speculate about whether review of the file would necessarily have resulted in Ms. Greisen's ability to relate more facts about her representation of Mr. Perkins, but it is very likely to have better refreshed her recollection about those events deemed discoverable in my prior Order.  My ruling quashing Defendants' subpoena duces tecum for the file was not intended to provide a means to obstruct my previous Order holding that Defendants were entitled to discover

information relating to Mr. Perkins' "alleged 'nigger' grievance" and the drafting of his EEOC charge.  Those issues remain central to retrial of Plaintiff's retaliation claim.  Unfortunately, it appears that my ruling on the subpoena duces tecum was used for that purpose.

Plaintiffs' and Ms. Greisen's argument that she "has answered questions and provided information relevant to each of these areas of inquiry" is unavailing.  *See, e.g.*, *Exh. C* at p. 2.  Simply stated, she provided testimony made unduly vague by the passage of time, when she could have shined a light on her memory by simply reviewing her file.  As I previously held, Mr. Perkins waived his attorney-client privilege regarding his "alleged 'nigger' grievance" and the drafting of his EEOC charge. [#228] at 6-8.  Defendants are entitled to the benefit of all of Ms. Greisen's knowledge of those subjects, enhanced as appropriate by a review of her file.  Because Mr. Perkins has waived his attorney-client privilege on these subjects, any alleged privileged documents about them may not be withheld.  Alleged work product documents must be properly documented in a privilege log under Fed. R. Civ. P. 26(b)(5).

Accordingly, **IT IS ORDERED** as follows:

Defendants' Second Motion for Additional Discovery is **granted in part.**  Defendants may take no more than one hour of deposition testimony from Paula Greisen, Esq., on a date and at a time and location mutually convenient to all counsel and the parties, but no later than **July 11, 2014.**  Prior to the deposition, Ms. Greisen shall review her file or files pertaining to her representation of Mr. Perkins.  No later than five (5) days before the deposition, Ms. Greisen shall produce to counsel for the parties all documents from her file or files which are relevant to Mr. Perkins "alleged 'nigger' grievance" and the content,

drafting and execution of his EEOC charge.  To the extent that Ms. Greisen's file or files contain relevant documents that are alleged attorney work product, she shall prepare a privilege log in accordance with Fed. R. Civ. P. 26(b)(5) and provide it to counsel for the parties simultaneously with production of relevant documents from her file or files.

**IT IS FURTHER ORDERED** that any and all subsequent discovery disputes in this matter shall be addressed by counsel under my discovery dispute procedures, which are available on the Court's website (www.cod.uscourts.gov).  **Violation of this Order shall result in the imposition of sanctions.**

Dated:  June 12, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge