IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kristen L. Mix**

Civil Action No.  11-cv-00542-JAP-KLM

RICHARD PERKINS, individually, and
RICHARD MILLER, individually,

    Plaintiffs,

v.

FEDERAL FRUIT & PRODUCE COMPANY, INC., a Colorado corporation, and
MICHAEL MARTELLI, individually,

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on Plaintiffs' oral **Motion for Additional Discovery** (the "Motion"). The Court held a hearing on the Motion on April 7, 2014.  *Minutes* [#237].[1] Prior to the hearing, Plaintiffs' attorneys emailed Plaintiffs' Brief in Support of Oral Motion to Amend the Court's Order Re: Discovery [#228] to Permit Plaintiffs Discovery Relating to Defendants' Financial Condition ("Plaintiffs' Brief").[2]  The Court has reviewed the case file and is fully advised in the premises.  For the reasons set forth below, the Motion is **DENIED.**

---

[1] "[#237]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  This convention is used throughout the Recommendation.

[2] As explained in my prior Order [#244], the emailing of this Brief violated my discovery procedures.  A copy of the Brief is attached to this Order as Exhibit A.

1

This is a hotly-contested employment discrimination and retaliation case which was tried in May of 2012 and is set for a second trial beginning on September 29, 2014. Pursuant to the District Judge's Order [#194], the second trial will involve Plaintiff Perkins' retaliation claim against Defendant Martelli, the amount of Perkins' lost wages and benefits, and the amount of Plaintiff Miller's compensatory and punitive damages on his retaliation claims against Defendant Martelli and Defendant Federal Fruit & Produce Co., Inc. ("FFP").

In short, Plaintiffs request "additional discovery into changes in Defendants' financial condition since the close of discovery prior to the first trial in May, 2012." *Plaintiffs' Brief*, Exh. A at 1. Plaintiffs purport to have recently obtained public information "which indicates Defendants have re-organized assets (at best), and fraudulently transferred assets (at worst) in order to defeat Plaintiffs' claims and the Court's partial judgment first entered on June 22, 2012. . . ." *Id.* at 3. Plaintiffs argue that information regarding Defendants' financial condition "is relevant to the issue of . . . punitive damages." *Id.* at 2. Among other information, they want to know if Defendant Martelli still owns stock in Defendant FFP and in other "FFP-related web of entities," including a "new entity doing business in FFP's Colorado Springs location called: Federal Food Service, LLC." *Id.* at 6-7.

In essence, Plaintiffs seek to reopen discovery. The original fact-discovery deadline was November 7, 2011. *Scheduling Order* [#21] at 13. The Court may modify the Scheduling Order on a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); D.C.COLO.LCivR 16.1. Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). When exercising its discretion, the Court considers the

following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.* (citations omitted). With regard to the fourth factor, the Court of Appeals for the Tenth Circuit has explained that "[d]emonstrating good cause under [Rule 16(b)(4)] 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)).

The Court considers each of the factors set forth above. First, trial is imminent. This factor weighs against reopening discovery. Second, the request is opposed. This factor weighs against reopening discovery. Third, Defendants would be prejudiced by having to respond to untimely discovery requests when they should be devoting their time, money and energy to settlement and/or trial preparation. This factor weighs against reopening discovery. Fourth, Plaintiffs were not diligent in obtaining discovery allegedly related to punitive damages. Defendants asserted at the hearing that Plaintiffs engaged in no discovery regarding Defendants' financial condition before the first trial, and there is no evidence to the contrary. This factor weighs against reopening discovery. Fifth, the foreseeability of the need for additional discovery likewise does not favor Plaintiffs.

3

Plaintiffs' claims involved punitive damages at the outset of this litigation. *See Scheduling Order* [#21] at 10. Hence, Plaintiffs should have foreseen the need for discovery related to punitive damages long ago. Plaintiffs assert that they did not know they needed *this* discovery until they found public records showing that Defendants reorganized or transferred assets. *Plaintiff's Brief* at 3. However, Plaintiffs' recent discovery of Defendants' alleged financial dealings should not be the impetus for initiating discovery about punitive damages, especially in light of the fact that they tried the case once already without having conducted any discovery on the subject. Plaintiffs' statement that the recently discovered financial information shows that Defendants are trying "to defeat Plaintiffs' claims and the Court's partial judgment" makes their request appear to be geared, at least in part, toward determining whether they will be able to collect their partial judgment and any future judgment. Obviously, that is not a proper purpose of pre-trial discovery. *See Mountain Dudes, LLC v. Split Rock, Inc.*, No. 2:08-cv-00940, 2013 WL 5435707, at *2 (D. Utah Sept. 29, 2013) (stating that "[t]he purpose of post judgment discovery is to learn information relevant to the existence or transfer of the judgment debtor's assets" (internal quotation marks omitted)). This factor weighs against reopening discovery. Finally, the suggested discovery could lead to the discovery of relevant evidence, to the extent that Defendants' financial condition is admissible to establish punitive damages. *See James v. Heuberger Motors, Inc.*, No. 10-cv-01648-CMA-KLM, 2011 WL 334473, at *2 (D. Colo. Jan. 28, 2011). This factor weighs in favor of reopening discovery. However, taken as a whole, Plaintiffs have not carried their burden of

4

demonstrating good cause to reopen discovery, as five of the six factors weigh against it. Discovery should not be reopened prior to a second trial to give the requesting party an opportunity to fill holes in discovery from the first trial, or to get a head start on post-judgment discovery.

    Accordingly, Plaintiffs' Motion is **denied**.

Dated: July 21, 2014

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge