**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

RICHARD PERKINS and
RICHARD MILLER,

    Plaintiffs,

v.                                                                                          No. CIV 11-542 JAP/KLM

FEDERAL FRUIT & PRODUCE COMPANY,
INC. and MICHAEL MARTELLI,

    Defendants.

**ORDER**

At the conclusion of a jury trial in May, 2012, the jury returned verdicts in favor of Plaintiffs Richard Perkins and Richard Miller, both as to liability and damages. On June 22, 2012, the Court entered a JUDGMENT IN FAVOR OF RICHARD PERKINS AND RICHARD MILLER (Judgment) (Doc. No. 146), based on the jury's verdict.

On August 6, 2012, Defendants filed DEFENDANTS' MOTION FOR RECONSIDERATION AND TO VACATE TRIAL AND JUDGMENT IN FAVOR OF PERKINS AND MILLER (1) BECAUSE OF IRREGULARITIES; (2) FOR LACK OF JURISDICTION; (3) PURSUANT TO THE COURT'S INHERENT POWERS OR RULE 59 OR 60, AND/OR FOR A NEW TRIAL PURSUANT TO RULE 59 (Motion for Reconsideration) (Doc. No. 164).

On May 14, 2013, the Court entered a MEMORANDUM OPINION AND ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION AND TO VACATE TRIAL AND JUDGMENT AND/OR FOR A NEW TRIAL (Doc. No. 194) granting in part and denying in part the Defendants' Motion for Reconsideration. The Court ordered a retrial of both liability and

damages on certain claims of Plaintiff Perkins. The Court, however, preserved the judgment of liability on Plaintiff Miller's claims, but ordered a retrial of Plaintiff Miller's damages.

On January 6, 2014, United States Magistrate Judge Kristen L. Mix ordered additional post-trial discovery on the Plaintiffs' claims. This included a three-hour deposition of Plaintiff Miller related to his damages claims.

The Court had scheduled on September 29, 2014 a retrial of certain claims of Plaintiff Perkins, on both liability and damages issues, as well as a retrial of Plaintiff Miller's damages claims, only. However, on August 22, 2014 Defendants filed a MOTION FOR SANCTIONS (Doc. No. 260) based on information developed during post-trial discovery. The Court found it necessary to schedule an evidentiary hearing on the MOTION FOR SANCTIONS. Consequently, the jury trial that had been scheduled to begin September 29, 2014 on the claims of both Plaintiffs Perkins and Miller had to be vacated. The Court scheduled the evidentiary hearing on the MOTION FOR SANCTIONS on September 30, 2014.

Because Plaintiff Miller has a judgment on liability that was entered more than two years ago and that will not be set aside, and because only the issue of Plaintiff Miller's damages remains to be tried, the Court, in accordance with Fed. R. Civ. P. 42(b), will bifurcate Plaintiff Miller's claims for damages and have those claims tried separately on October 6, 2014. At this point, it is unclear when there will be a retrial of Plaintiff Perkins' claims. In order to avoid prejudice to Plaintiff Miller, who has had a judgment establishing the liability of the Defendants for more than two years, and in order to expedite resolution of Plaintiff Miller's damages claims, the Court finds it best to order a separate jury trial of Plaintiff Miller's damages claims. In addition, a separate trial of Plaintiff Miller's claims of damages, only, will be for the convenience

of the Court and the parties in that it would be complicated and confusing to try Plaintiff Perkins' claims for both liability and damages with Plaintiff Miller's claims for damages only and could easily result in confusion of the jury.   In addition, the Court has inherent authority to manage its docket "so as to achieve the orderly and expeditious disposition of cases."  *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).  *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1285 (10th Cir. 1999) ("District courts have broad discretion in deciding whether to sever issues for trial and the exercise of that discretion will be set aside only if clearly abused.")

IT IS ORDERED that:

1. Plaintiff Richard Miller's claims of damages, only, are bifurcated from the claims of Plaintiff Richard Perkins for purposes of trial; and

2. In accordance with Fed. R. Civ. P. 42(b), a separate jury trial of Plaintiff Richard Miller's claims of damages is scheduled to begin at 9:00 a.m. on Monday, October 6, 2014 at the United States Courthouse, Courtroom #702, Denver, Colorado.

DATED this 5th day of September, 2014.

*James A. Parker*
_____
SENIOR UNITED STATES DISTRICT JUDGE