**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No.:   11-cv-00542-JAP-KLM

RICHARD PERKINS, individually and
RICHARD MILLER, individually.

        Plaintiffs,

v.

FEDERAL FRUIT & PRODUCE COMPANY, INC., A Colorado Corporation, and
MICHAEL MARTELLI, individually.

        Defendants.

**ORDER**

On August 8, 2014, Defendants filed a MOTION FOR SANCTIONS (Doc. No. 260) requesting the imposition of sanctions against Plaintiff Richard Perkins and his counsel of record, Elkus, Sisson & Rosenstein. In their MOTION FOR SANCTIONS, Defendants also sought imposition of sanctions against non-parties: Paula Greisen, former counsel for Plaintiff Perkins; Teamsters Local No. 455 ("Union"); Linda Cote, General Counsel for Teamsters Local No. 455; and Jesse Medina, Business Agent for Teamsters Local No. 455.

Defendants asked for the sanctions under Fed. R. Civ. P. 37, Fed. R. Civ. P. 45(e), and the Court's inherent power for failure to produce documents in pre-trial discovery. Defendants sought sanctions for spoliation of certain documentary evidence under the Court's inherent powers and under Fed. R. Civ. P. 37(b)(2). Under Fed. R. Civ. P. 45(e) [currently Fed. R. Civ. P. 45(g) after amendment], Defendants solicited a finding of contempt against the Union for failure

to comply with a subpoena. Among other sanctions, Defendants wanted an award of "an amount equal to 80 percent of the fees and costs incurred since the first trial, or $350,000."

The following were filed in response to the MOTION FOR SANCTIONS: GREISEN'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS (Doc. No. 265); NON-PARTYS TEAMSTERS LOCAL UNION NO. 455, LINDA COTE and JESSE MEDINA'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS (Doc. No. 267); and PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS (Doc. No. 268). On September 5, 2014, the Court entered an ORDER DENYING MOTION FOR SANCTIONS AS TO ATTORNEY PAULA GREISEN (Doc. No. 271).

The Court scheduled an evidentiary hearing on the MOTION FOR SANCTIONS on September 30, 2014. These witnesses testified at the hearing: Paula Greisen, Linda Cote, Jesse Medina, and Richard Perkins. As officers of the Court, Attorneys Reid Elkus, Scott McLeod, and Emily Keimig made statements in response to questions about factual matters. During the evidentiary hearing, no evidence was presented by the Defendants regarding the amount of fees and costs Defendants had incurred for which they were seeking a monetary award as part of the sanctions. After presentation of all of the evidence, the Court stated it would set a hearing for oral arguments on the MOTION FOR SANCTIONS.

On October 1, 2014, United States Magistrate Judge Kristen L. Mix entered a MINUTE ENTRY FOR SETTLEMENT (Doc. No. 300) which stated, "A settlement conference was held on this date, and a settlement was reached as to all claims in this action." United States Magistrate Judge Kristen L. Mix has advised that during the settlement conference, Defendants failed to clarify whether the settlement resolved Defendants' claim for sanctions against the non-parties.

On October 13, 2014, the Union, Linda Cote, and Jesse Medina filed NON-PARTIES TEAMSTERS LOCAL UNION NO. 455, LINDA COTE AND JESSE MEDINA'S REQUEST TO SET A DATE FOR ORAL ARGUMENT OR FOR SUBMISSION OF BRIEFS ON DEFENDANTS' MOTION FOR SANCTIONS (Doc. No. 301) (Request for Oral Argument).  In the Request for Oral Argument, counsel for the Union, Cote, and Medina stated that attorneys for the Defendants had advised that "Defendants are considering a 'stand alone' cause of action against the Union Non-parties for alleged negligence in their response to the subpoena." (*Id. at 2.*)  Defendants had not made a claim of negligence in their MOTION FOR SANCTIONS and the evidence presented at the hearing on September 30, 2014 did not specifically address a theory of negligence or potential defenses of contributory negligence or comparative fault.

The dispute between the Defendants and the non-parties should not delay entry of an Order granting the parties' STIPULATED MOTION TO DISMISS WITH PREJUDICE (Doc. No. 304) and dismissing all claims among the parties with prejudice.  It appears that any claim of negligence on the part of the non-parties is a new theory that should be developed in a proper manner.  In addition, in regard to the Defendants' demand of a monetary award of 80 percent of the Defendants' fees and costs incurred since the May, 2014 trial, the non-parties probably will request an opportunity for discovery and the Defendants will need to present admissible evidence in support of that claim.  It is the judgment of the Court that since the parties to this action have settled all claims among them and the Defendants' claims against the non-parties are truly in the nature of a separate action involving further discovery and another evidentiary hearing, the best approach is to bring this case to a close without prejudice to the Defendants' opportunity to assert their claims against the non-parties in a separate proceeding.

IT IS THEREFORE ORDERED THAT Defendants' MOTION FOR SANCTIONS (Doc. No. 260) is denied without prejudice to the Defendants pursuing their claims against non-parties, Teamsters Local No. 455, Linda Cote, and Jesse Medina in a different proceeding.

Entered:  November 18, 2014.

*[signature: James A. Parker]*

_____
SENIOR UNITED STATES DISTRICT JUDGE